1    SEYFARTH SHAW LLP
     Daniel C. Whang (SBN 223451)
2    dwhang@seyfarth.com
     Jessica C. Koenig (SBN 340974)
3    jkoenig@seyfarth.com
     2029 Century Park East, Suite 3500
4    Los Angeles, California 90067-3021
     Telephone:  (310) 277-7200
5    Facsimile:  (310) 201-5219

6    Attorneys for Defendants
     RANDSTAD INHOUSE SERVICES, LLC and
7    RANDSTAD NORTH AMERICA, INC.

8

9                UNITED STATES DISTRICT COURT

10             CENTRAL DISTRICT OF CALIFORNIA

11

| | |
|---|---|
| 12   ADAN ORTIZ, an individual and on behalf of all others similarly situated, | Case No.  **5:22-cv-1399** |
| 13 | **DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT** |
|                 Plaintiff, | |
| 14         v. | |
| 15 | **[28 U.S.C. §§ 1332, 1441, AND 1446]** |
| 16   RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH AMERICA, INC., a | [San Bernardino County Superior Court Case No. CIV-SB-2204491[ |
| 17   Delaware corporation; XPO LOGISTICS, INC., a Delaware corporation; XPO | |
| 18   LOGISTICS, LLC, a Delaware limited liability company; XPO LOGISTICS | Complaint Filed:       March 1, 2022 |
| 19   SUPPLY CHAIN, INC., a North Carolina corporation; and DOES 1 through 50, | |
| 20   inclusive | |
| 21                Defendants. | |

22

23

24

25

26

27

28

85547542v.3

# TABLE OF CONTENTS

**Page**

I.    BACKGROUND ................................................................................................1

II.   TIMELINESS OF REMOVAL .......................................................................2

III.  CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL ..............................3

    A.    Plaintiff And Defendants Are Minimally Diverse ...........................3

        1.    Plaintiff Is A Citizen Of California...........................................3

        2.    Defendants Are Not Citizens Of California.............................4

    C.    The Amount In Controversy Exceeds The Statutory Minimum ...................6

        1.    Meal and Rest Period Claims.................................................13

        2.    Failure to Pay Wages .............................................................15

        3.    Wage Statement Penalties......................................................16

        4.    Waiting Time Penalties...........................................................16

        5.    Approximate Aggregate Amount In Controversy ..............18

        6.    Attorneys' Fees ......................................................................18

IV.   VENUE ........................................................................................................21

V.    NOTICE TO STATE COURT AND TO PLAINTIFF ...........................................21

VI.   PRAYER FOR REMOVAL ............................................................................21

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Abrego v. Dow Chemical Co.*,
  443 F.3d 676 (9th Cir. 2006) ...................................................................... 6, 7

*Arias v. Residence Inn by Marriott*,
  936 F.3d 920 (9th Cir. 2019) ..................................................................... 8, 18

*Armstrong v. Church of Scientology Int'l*,
  243 F.3d 546 (9th Cir. 2000) .......................................................................... 4

*Arreola v. The Finish Line*,
  2014 WL 6982571 (N.D. Cal. Dec. 9, 2014) ............................................... 10

*Brady v. Mercedes-Benz USA, Inc.*,
  243 F. Supp. 2d 1004 (N.D. Cal. 2002) ....................................................... 17

*Byrd v. Masonite Corp.*,
  2016 WL 2593912 (C.D. Cal. May 5, 2016) ................................................ 15

*Campbell v. Vitran Exp., Inc.*,
  471 F. App'x 646 (9th Cir. 2012) ................................................................. 18

*Castanon v. Int'l Paper Co.*,
  2016 WL 589853 (C.D. Cal. February 11, 2016) ............................................ 4

*Caterpillar, Inc. v. Williams*,
  482 U.S. 386 (1987) ......................................................................................... 9

*Chavez v. JPMorgan Chase & Co.*,
  888 F.3d 413 (9th Cir. 2018) ........................................................................ 17

*Cicero v. DirecTV, Inc.*,
  2010 WL 2991486 (C.D. Cal. July 27, 2010) ............................................... 18

*City of Clarksdale v. BellSouth Telecommunications, Inc.*,
  428 F.3d 206 (5th Cir. 2005) .......................................................................... 2

*Coleman v. Estes Express Lines, Inc.*,
  730 F. Supp. 2d 1141 (C.D. Cal. 2010) ....................................................... 10

ii

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81, 135 S.Ct. 547 (2014).................................................................8

*Davis v. HSBC Bank Nevada, N.A.*,
  557 F.3d 1026 (9th Cir. 2009) ...........................................................................4

*Feao v. UFP Riverside, LLC*,
  2017 WL 2836207 (C.D. Cal. June 26, 2017)...............................................10

*Franke v. Anderson Merchandisers LLC*,
  2017 WL 3224656 (C.D. Cal. July 28, 2017)................................................10

*Fristoe v. Reynolds Metals Co.*,
  615 F.2d 1209 (9th Cir. 1980) ............................................................................6

*Fritsch v. Swift Transp. Co. of Arizona, LLC*,
  899 F.3d 785 (9th Cir. 2018) ...........................................................................17

*Galt G/S v. JSS Scandinavia*,
  142 F.3d 1150 (9th Cir. 1998) .........................................................................17

*Guglielmino v. McKee Foods Corp.*,
  506 F.3d 696 (9th Cir. 2007) ........................................................................7, 9

*Hertz Corp. v. Friend*,
  559 U.S. 77 (2010)...............................................................................................5

*Jones v. Tween Brands, Inc.*,
  2014 WL 1607636 (C.D. Cal. Apr. 22, 2014) ...............................................11

*Kantor v. Wellesley Galleries, Inc.*,
  704 F.2d 1088 (9th Cir. 1983) ............................................................................3

*Korn v. Polo Ralph Lauren Corp.*,
  536 F. Supp. 2d 1199 (E.D. Cal. 2008) ...........................................................8

*Lew v. Moss*,
  797 F.2d 747 (9th Cir. 1986) ..............................................................................4

*Longmire v. HMS Host USA, Inc.*,
  2012 WL 5928485 (S.D. Cal. Nov. 26, 2012) ...............................................17

*Lucas v. Michael Kors (USA), Inc.*,
  2018 WL 2146403 (C.D. Cal. May 9, 2018) ..................................................17

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

*Muniz v. Pilot Travel Ctrs. LLC*,
    2007 WL 1302504 (E.D. Cal. May 1, 2007) ................................................ 8, 9, 17

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*,
    526 U.S. 344 (1999) ............................................................................................ 2

*Powers v. Eichen*,
    229 F.3d 1249 (9th Cir. 2000) .......................................................................... 18

*In re Quintas Secs. Litig.*,
    148 F. Supp. 2d 967 (N.D. Cal. 2001) .............................................................. 18

*Ramos v. Schenker, Inc.*,
    2018 WL 5779978 (C.D. Cal. Nov. 1, 2018) .................................................... 18

*Ritenour v. Carrington Mortg. Servs. LLC*,
    228 F. Supp. 3d. 1025 (C.D. Cal. 2017) .......................................................... 11

*Rodriguez v. AT&T Mobility Servs. LLC*,
    728 F.3d 975 (9th Cir. 2013) .......................................................................... 7, 9

*Sanchez v. Monumental Life Ins. Co.*,
    102 F.3d 398 (9th Cir. 1996) .............................................................................. 7

*Schiller v. David's Bridal, Inc.*,
    2010 WL 2793650 (E.D. Cal. July 14, 2010) .................................................... 8

*Soliman v. Philip Morris, Inc.*,
    311 F. 3d 966 (9th Cir. 2002) ............................................................................ 6

*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*,
    2017 WL 1520416 (C.D. Cal. Apr. 26, 2017) .............................................. 9, 11

*Standard Fire Ins. Co. v. Knowles*,
    568 U.S. 588 (2013) ............................................................................................ 7

*State Farm Mut. Auto Ins. Co. v. Dyer*,
    19 F.3d 514 (10th Cir. 1994) .............................................................................. 4

*Tajonar v. Echosphere*,
    LLC, 2015 WL 4064642 (S.D. Cal. July 2, 2015) .......................................... 15

*Torrez v. Freedom Mortg., Corp.*,
    2017 WL 2713400 (C.D. Cal. June 22, 2017) ................................................ 10

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

*Valdez v. Allstate Ins. Co.*,
   372 F.3d 1115 (9th Cir. 2004) ....................................................................... 8, 9

*Wheatley v. MasterBrand Cabinets*,
   2019 WL 688209 (C.D. Cal. Feb. 19, 2019) ............................................. 9, 18

*Wren v. RGIS Inventory Specialists*,
   2011 WL 1230826 (N.D. Cal. Apr. 1, 2011) .................................................. 18

*Zavala v. Deutsche Bank Trust Co. Americas*,
   2013 WL 3474760 (N.D. Cal. July 10, 2013) .................................................. 4

**State Cases**

*Caliber Bodyworks, Inc. v. Sup. Ct.*,
   134 Cal. App. 4th 365 (2005) ....................................................................... 16

*Murphy v. Kenneth Cole Prods.*, Inc.,
   40 Cal. 4th 1094 (2007) ............................................................................... 12

*Pineda v. Bank of America, N.A.*,
   50 Cal. 4th 1389 (2010) ........................................................................ 13, 14

**Federal Statutes**

28 U.S.C. 1332(c)(1) .......................................................................................... 4

28 U.S.C. § 84(a) ............................................................................................. 19

28 U.S.C. § 1332 ............................................................................................... 6

28 U.S.C. § 1332(a) .......................................................................................... 7

28 U.S.C. § 1332(c) .......................................................................................... 1

28 U.S.C. § 1332(c)(1) ...................................................................................... 5

28 U.S.C. § 1332(d) .................................................................................... 6, 19

28 U.S.C. § 1332(d)(2) .......................................................................... 1, 3, 6, 19

28 U.S.C. § 1332(d)(2)(A) ................................................................................. 3

28 U.S.C. § 1332(d)(5)(B) ................................................................................. 3

28 U.S.C. § 1332(d)(6) .................................................................................. 3, 6

v

28 U.S.C. § 1367(a) .......................................................................................... 19

28 U.S.C. § 1391(a) .......................................................................................... 19

28 U.S.C. § 1441 ............................................................................................... 19

28 U.S.C. § 1441(a) ............................................................................. 1, 3, 6, 19

28 U.S.C. § 1446 ............................................................................................ 1, 2

28 U.S.C. § 1446(b) ............................................................................................ 2

28 U.S.C. § 1446(d) .......................................................................................... 19

28 U.S.C. § 1453 ................................................................................................. 1

Class Action Fairness Act of 2005 ..........................................................*passim*

Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at
    28 U.S.C. § 1446(c)(2) (emphasis added)) ................................................... 7

**State Statutes**

Cal. Bus. & Prof. Code § 17200 ....................................................................... 13

Cal. Bus. & Prof. Code § 17208 ....................................................................... 13

Cal. Civ. Proc. Code § 338, subd.(a) (Stats.1935, ch. 581, § 1, p. 1673) ......... 15

Cal. Civ. Proc. Code § 340(a) ........................................................................... 16

Cal. Civ. Proc. Code § 415.10 ............................................................................ 2

Cal. Lab. Code § 201 ................................................................................... 14, 15

Cal. Lab. Code § 202 ................................................................................... 14, 15

Cal. Lab. Code § 203 ................................................................................... 14, 15

Cal. Lab. Code § 226 ................................................................................... 15, 16

Cal. Lab. Code § 226.7 ..................................................................................... 12

California's Unfair Competition Law .................................................................. 3

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Regulations**

Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005),
      *reprinted in* 2005 U.S.C.C.A.N. 3, 40 ............................................................. 6

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

1
2
3

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF, ADAN ORTIZ, AND HIS ATTORNEYS OF RECORD:**

4
5
6
7
8

**PLEASE TAKE NOTICE** that Defendants Randstad Inhouse Services, LLC and Randstad North America, Inc. (collectively "Defendants") file this Notice of Removal, pursuant to 28 U.S.C. §§ 1332(c), 1332(d)(2), 1441(a), 1446, and 1453, to effectuate the removal of the above-captioned action from the Superior Court for the County of San Bernardino to the United States District Court for the Central District of California.

9
10

This Court has original jurisdiction under 28 U.S.C. §§ 1332(c), (d)(2) – the Class Action Fairness Act of 2005 ("CAFA"). Removal is proper for the following reasons:

11

**I.    BACKGROUND**

12
13
14
15
16
17
18

1.    On March 1, 2022, Plaintiff Adan Ortiz ("Plaintiff") filed a class action complaint in the Superior Court of California for the County of San Bernardino, entitled *ADAN ORTIZ v. RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH AMERICA, INC., a Delaware corporation; XPO LOGISTICS, LLC, a Delaware limited liability company; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina corporation; and DOES 1 through 50, inclusive*, Case No. CIV-SB-2204491 ("Complaint").

19
20
21
22
23
24
25
26

2.    On July 7, 2022, Defendants' registered agent for service of process in California received, via process server, the Summons; Complaint; Certificate of Assignment; Initial Case Management Conference Order, and Civil Case Cover Sheet. A true and correct copy of the documents received by Defendants on July 7, 2022 is attached hereto as **Exhibit A**. A true and correct copy of the Service of Process Notification from CSC (Defendants' registered agent for service of process) is attached hereto as **Exhibit B.** A true and correct of the Answer filed by the XPO defendants is attached hereto as **Exhibit C**.

27
28

1

3.      Defendants have not filed or received any other pleadings or papers, other than the pleadings described as Exhibit A, B, and C in this action prior to this Notice of Removal.

## II.    TIMELINESS OF REMOVAL

4.      The time for filing a Notice of Removal does not run until a party has been formally served with the summons and complaint under the applicable state law "setting forth the claim for relief upon which such action or proceeding is based" or, if the case stated by the initial pleading is not removable, after receipt of any "other paper from which it may be first ascertained that the case is one which is or has become removable." 28 U.S.C. §§ 1446; *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347-48 (1999) (holding that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint").

5.      The service of process which triggers the 30-day period to remove is governed by state law.  *City of Clarksdale v. BellSouth Telecommunications, Inc.*, 428 F.3d 206, 210 (5th Cir. 2005) ("Although federal law requires the defendant to file a removal motion within thirty days of service, the term 'service of process' is defined by state law.").

6.      This Notice of Removal is timely because it is filed within thirty (30) days of service of the Complaint, by personal service on Defendants' registered agent for service of process, on July 7, 2022.  (Ex. B.)  Cal. Code Civ. Proc. § 415.10 ("A summons may be served by personal delivery of a copy of the summons and of the complaint to the person to be served.  Service of a summons in this manner is deemed complete at the time of such delivery."); 28 U.S.C. § 1446(b).  Thirty (30) days from the service of the Complaint on Defendants on July 7, 2022 is August 8, 2022.

7.      Plaintiff asserts eight causes of action in his Complaint against Defendants: (1) failure to provide meal periods failure to pay minimum wages; (2) failure to provide rest periods failure to pay overtime wages; (3) failure to pay hourly wages; (4) failure to indemnify; (5) failure to provide accurate written wage statements; (6) failure to timely

2

pay all final wages; (7) violation of the Unfair Competition Law; and (8) civil penalties under the Private Attorneys General Act of 2004.  (Ex. A, Complaint.)

8.  The Complaint seeks to certify a class of "[a]ll persons employed by Defendants and/or staffing agencies and/or any other third parties in hourly or non-exempt positions in California" beginning four years prior to the filing of Plaintiff's complaint up until judgment is entered.  (Ex. A, Complaint, ¶ 13.)

9.  Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting four (4) years preceding the filing of Plaintiff's Complaint is from **March 1, 2018** until the present.

III. **CLASS ACTION FAIRNESS ACT ("CAFA") REMOVAL**

10.  This Court has original jurisdiction of this action under CAFA, codified in pertinent part at 28 U.S.C. Section 1332(d)(2).  As set forth below, this action is properly removable, pursuant to 28 U.S.C. Section 1441(a), in that this Court has original jurisdiction over the action, because the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs, and the action is a class action in which at least one class member is a citizen of a state different from that of a defendant.  28 U.S.C. §§ 1332(d)(2) & (d)(6).  Furthermore, the number of putative class members is greater than 100.  28 U.S.C. § 1332(d)(5)(B); Declaration of Karen Lubrano in Support of Defendants' Notice of Removal ("Lubrano Decl."), ¶ 8.

A. **Plaintiff And Defendants Are Minimally Diverse**

11.  CAFA requires only minimal diversity for the purpose of establishing federal jurisdiction; that is, at least one purported class member must be a citizen of a state different from any named defendant.  28 U.S.C. § 1332(d)(2)(A).

1. **Plaintiff Is A Citizen Of California**

12.  For purposes of determining diversity, a person is a "citizen" of the state in which he or she is domiciled.  *Kantor v. Wellesley Galleries, Inc.*, 704 F.2d 1088, 1090 (9th Cir. 1983) ("To show state citizenship for diversity purposes under federal common law a party must … be domiciled in the state").  Residence is *prima facie* evidence of

3

domicile.  *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("the place of residence is prima facie the domicile"); *see also Zavala v. Deutsche Bank Trust Co. Americas*, 2013 WL 3474760, at *3 (N.D. Cal. July 10, 2013) (where a plaintiff's complaint alleges he resides in California, "in the absence of evidence to the contrary, [plaintiff] is a California citizen for diversity purposes").  Citizenship is determined by the individual's domicile at the time that the lawsuit is filed.  *Armstrong v. Church of Scientology Int'l*, 243 F.3d 546, 546 (9th Cir. 2000) ("For purposes of diversity jurisdiction, an individual is a citizen of his or her state of domicile, which is determined at the time the lawsuit is filed") (citing *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986)).

13.    Plaintiff alleges that he resides in the State of California.  (Ex. A, Complaint, ¶ 4) ("Plaintiff Adan Ortiz is and was, and at all relevant times mentioned herein, an individual residing in the State of California.").  In his employment files, Plaintiff listed his home address as being in San Bernardino, California.  (Lubrano Decl., ¶ 4.)  Plaintiff's intent to remain domiciled in California is further evident from the fact that he brought his lawsuit against Defendants in San Bernardino County Superior Court.  Accordingly, Plaintiff is a citizen of California.

### 2.    Defendants Are Not Citizens Of California

14.    Defendants are now, and were at the time of the filing of this action, citizens of a state other than California within the meaning of 28 U.S.C. section 1332(c)(1).

15.    Pursuant to 28 U.S.C. section 1332(c)(1), "for purposes of this subsection … [a] corporation shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  To determine a corporation's principal place of business for diversity purposes, the appropriate test is the "nerve center" test.  *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010).  Under the "nerve center" test, the principal place of business is the state where the "corporation's officers direct, control, and coordinate the corporation's activities" and where the corporation maintains its headquarters.  *Id.*  Other relevant factors include where corporate executives maintain their offices, where corporate policies and procedures are

4

made, and where primary corporate functions are based. *Ho v. Ikon Office Solutions, Inc.*, 143 F. Supp. 2d 1163, 1168 (N.D. Cal. 2001) (nerve center found to be location where corporation's headquarters were located, where the corporate officers worked, and from where corporate policies and procedures were made).

16.  For purposes of diversity jurisdiction under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). *See also Davis v. HSBC Bank Nevada, N.A.*, 557 F.3d 1026, 1032 n.13 (9th Cir. 2009) (A. Kleinfeld, concurring) ("For qualifying class actions such as this one, CAFA abrogates the traditional rule that an unincorporated association shares the citizenship of each of its members for diversity purposes …."); *Geismann v. Aestheticare, LLC*, 2008 WL 961272, *5 (D. Kan. 2008) (explaining difference between the citizenship of an LLC under traditional diversity jurisdiction from CAFA jurisdiction, where the LLC must allege its principal place of business and state of organization); *Dunham v. Coffeyville Resources, LLC*, 2007 WL 3283774, *4 (D. Kan. Nov. 6, 2007) (finding that for the purposes of § 1332(d)(10), the defendant LLC was a citizen of Delaware, where it was organized, and Kansas, where it has its principal place of business).

17.  Randstad Inhouse Services, LLC, is a limited liability company organized under the laws of the State of Delaware. (Lubrano Decl., ¶ 6.) Its headquarters and principal place of business is in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities. (*Id.*) Randstad's sole member is Randstad North America, Inc. (*Id.*)

18.  Randstad North America, Inc., is a corporation organized under the laws of the State of Delaware. (*Id.* ¶ 7.) Its headquarters and principal place of business is in Atlanta, Georgia, where its high-level officers direct, control, and coordinate its activities. (*Id.*)

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT
85547542v.3

19.    Therefore, Randstad Inhouse Services, LLC and Randstad North America,
Inc. are not a citizens of the State of California, but rather are citizens of the States of
Delaware and Georgia.

20.    **Doe Defendants.**  Pursuant to 28 U.S.C. § 1441(a), the residence of
fictitious and unknown defendants should be disregarded for purposes of establishing
removal jurisdiction under 28 U.S.C. § 1332.  *Fristoe v. Reynolds Metals Co.,* 615 F.2d
1209, 1213 (9th Cir. 1980) (unnamed defendants are not required to join in a removal
petition); *see also Soliman v. Philip Morris, Inc.*, 311 F. 3d 966, 971 (9th Cir. 2002)
("citizenship of fictitious defendants is disregarded for removal purposes and becomes
relevant only if and when the plaintiff seeks leave to substitute a named defendant").
Indeed, the presence of "DOE" defendants in this case has no bearing on diversity of
citizenship for removal.  Thus, the existence of "DOES 1-50" in the Complaint does not
deprive this Court of jurisdiction.  *Abrego v. Dow Chemical Co.*, 443 F.3d 676, 679-80
(9th Cir. 2006) (rule applied in CAFA removal).

### B.    There Are More Than 100 Potential Class Members

21.    CAFA requires that the aggregated number of members of all proposed
classes in a complaint be at least 100.  28 U.S.C. § 1332(d)(5)(B).

22.    The proposed class in the Complaint is defined as "[a]ll persons employed
by Defendants and/or any staffing agencies and/or any other third parties in hourly or
non-exempt positions in California during the Relevant Time Period [beginning four
years prior to the filing of this action until judgment is entered]." (Ex. A, Complaint,
¶ 13.)

23.    Defendants employed approximately 5,197 non-exempt employees in the
State of California who were assigned to work at a facility operated by XPO Logistics
from March 1, 2018, to July 22, 2022 ("Putative Class Members").  (Lubrano Decl., ¶ 8.)

### C.    The Amount In Controversy Exceeds The Statutory Minimum

24.    CAFA requires that the amount in controversy exceed $5,000,000, exclusive
of interest and costs.  28 U.S.C. § 1332(d)(2).  Under CAFA, the claims of the individual

members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000.  28 U.S.C. § 1332(d)(6).  In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)."  Senate Judiciary Committee Report, S. Rep. No. 109-14, at 42 (2005), *reprinted in* 2005 U.S.C.C.A.N. 3, 40.  The Senate Judiciary Committee's Report on the final version of CAFA also makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction.  *Id*. at 42-43 ("if a federal court is uncertain about whether 'all matters in controversy' in a purposed class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . .  Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions.  Its provision should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.").

25.    **Preponderance of the Evidence Standard.**  Plaintiff's Complaint does not allege the amount in controversy for the class he purports to represent.  Where a complaint does not allege a specific amount in damages, the removing defendant bears the burden of proving by a **preponderance of the evidence** that the amount in controversy exceeds the statutory minimum.  In *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013), the U.S. Supreme Court held that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard.  *Accord Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) ("the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

26.    In 2011, Congress amended the federal removal statute to specify that, where the underlying state practice "permits recovery of damages in excess of the amount

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

demanded . . . removal of the action is proper on the basis of an amount in controversy asserted . . . if the district court finds, by the *preponderance of the evidence*, that the amount in controversy exceeds the amount specified in section 1332(a)."  Pub.L. 112–63, December 7, 2011, 125 Stat. 758, § 103(b)(3)(C) (codified at 28 U.S.C. § 1446(c)(2) (emphasis added)); *accord Abrego*, 443 F.3d 676, 683 (9th Cir. 2006) ("Where the complaint does not specify the amount of damages sought, the removing defendant must prove by a preponderance of the evidence that the amount in controversy requirement has been met"); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 701 (9th Cir. 2007) ("the complaint fails to allege a sufficiently specific total amount in controversy … we therefore apply the preponderance of the evidence burden of proof to the removing defendant").  The defendant must show that it is "more likely than not" that the jurisdictional threshold is met.  *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996) ("where a plaintiff's state court complaint does not specify a particular amount of damages, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds $50,000. Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount"); *Schiller v. David's Bridal, Inc.*, 2010 WL 2793650, at *2 (E.D. Cal. July 14, 2010) (same).

27.    To satisfy this standard, the "defendants' notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 135 S.Ct. 547, 554 (2014); *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 922 (9th Cir. 2019) ("Because some remnants of our former antiremoval presumption seem to persist, we reaffirm three principles that apply in CAFA removal cases.  First, a removing defendant's notice of removal 'need not contain evidentiary submissions' but **only plausible allegations** of the jurisdictional elements"; "[a]n assertion that the amount in controversy exceeds the jurisdictional threshold is not defeated merely because it is

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

equally possible that damages might be 'less than the requisite ... amount'") (emphasis added).

28.     The burden of establishing the jurisdictional threshold "is not daunting, as courts recognize that under this standard, a removing defendant is not obligated to research, state, and prove the plaintiff's claims for damages." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2008) (internal quotations omitted); *see also Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004) ("the parties need not predict the trier of fact's eventual award with one hundred percent accuracy").

29.     It is well-settled that "the court must accept as true plaintiff's allegations as plead in the Complaint and assume that plaintiff will prove liability and recover the damages alleged." *Muniz v. Pilot Travel Ctrs. LLC*, 2007 WL 1302504, *3 (E.D. Cal. May 1, 2007) (denying motion for remand of a class action for claims under the California Labor Code for missed meal and rest periods, unpaid wages and overtime, inaccurate wage statements, and waiting-time penalties).

30.     As explained by the Ninth Circuit, "the amount-in-controversy inquiry in the removal context is not confined to the face of the complaint." *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *see also Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 981 (9th Cir. 2013) (holding that the ordinary preponderance of the evidence standard applies even if a complaint is artfully pled to avoid federal jurisdiction); *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 702 (9th Cir. 2007) (holding that even if a plaintiff affirmatively pled damages less than the jurisdictional minimum and did not allege a sufficiently specific total amount in controversy, the removing defendant is still only required to show by a preponderance of evidence that the amount in controversy exceeds the jurisdictional threshold).

31.     **The Court Should Assume A 100% Violation Rate Based On Plaintiff's Class-Wide Allegations.**  If a plaintiff asserts statutory violations, the court should assume that the violation rate is 100% unless the plaintiff specifically alleges otherwise:

As these allegations reveal, plaintiff includes no fact-specific allegations that

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

1

2

3

4

5

would result in a putative class or violation rate that is discernibly smaller
than 100%, used by defendant in its calculations.  Plaintiff is the "master of
[her] claim[s]," and if she wanted to avoid removal, she could have alleged
facts specific to her claims which would narrow the scope of the putative
class or the damages sought.  She did not.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Muniz*, 2007 WL 1302504, at *4 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392
(1987); *see also Wheatley v. MasterBrand Cabinets*, 2019 WL 688209, at *5 (C.D. Cal.
Feb. 19, 2019) ("Defendant and the Court must rely on assumptions regarding the rate of
the alleged violations . . . Plaintiff does not allege that some putative class members were
subject to distinct policies.  The Court therefore finds the assumption that uniform . . .
policies were applied to **all** putative class members reasonable") (emphasis added);
*Soratorio v. Tesoro Ref. and Mktg. Co., LLC*, 2017 WL 1520416, at *3 (C.D. Cal. Apr.
26, 2017) ("Plaintiff's Complaint could be reasonably read to allege a 100% violation
rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class
members 'a thirty minute meal period for every five hours worked,' and that this was
Defendant's 'common practice.'  It also alleges that Defendants had a practice of
'requiring employees to work for four hours and more without a rest period' and that
Defendants had a 'common practice' of failing to provide required breaks."); *Arreola v.
The Finish Line*, 2014 WL 6982571, *4 (N.D. Cal. Dec. 9, 2014) ("District courts in the
Ninth Circuit have permitted a defendant removing an action under CAFA to make
assumptions when calculating the amount in controversy—such as assuming a 100
percent violation rate, or assuming that each member of the class will have experienced
some type of violation—when those assumptions are reasonable in light of the allegations
in the complaint."); *Coleman v. Estes Express Lines, Inc.*, 730 F. Supp. 2d 1141, 1149
(C.D. Cal. 2010), *aff'd sub nom. Coleman v. Estes Exp. Lines, Inc.*, 631 F.3d 1010 (9th
Cir. 2011) ("[C]ourts have assumed a 100% violation rate in calculating the amount in
controversy when the complaint does not allege a more precise calculation").

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

32.     Numerous other District Courts have similarly concluded that alleging a policy of noncompliance in a complaint justifies the assumption of a 100 percent violation rate.  *See Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice—or other similar language—and where the plaintiff offers no evidence rebutting this violation rate"); *Torrez v. Freedom Mortg., Corp.*, 2017 WL 2713400, at *3-5 (C.D. Cal. June 22, 2017) (where complaint alleged "FMC engaged in a pattern and practice of wage abuse against its hourly-paid or non-exempt employees within the state of California," the complaint "can reasonably be interpreted to imply nearly 100% violation rates"); *Franke v. Anderson Merchandisers LLC*, 2017 WL 3224656, at *2 (C.D. Cal. July 28, 2017) ("Courts in this Circuit have generally found the amount in controversy satisfied where a defendant assumes a 100% violation rate based on allegations of a 'uniform' illegal practice – or other similar language – and where the plaintiff offers no evidence rebutting this violation rate"); *Feao v. UFP Riverside, LLC*, 2017 WL 2836207, at *5 (C.D. Cal. June 26, 2017) ("Plaintiff's allegations contain no qualifying words such as 'often' or 'sometimes' to suggest less than uniform violation that would preclude a 100 percent violation rate."); *Soratorio, LLC*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants 'did not provide' Plaintiff and the other class members 'a thirty minute meal period for every five hours worked,' and that this was Defendants' 'common practice.'  It also alleges that Defendants had a practice of 'requiring employees to work for four hours and more without a rest period' and that Defendants had a 'common practice' of failing to provide required breaks."); *Ritenour v. Carrington Mortg. Servs. LLC*, 228 F. Supp. 3d. 1025, 1030 (C.D. Cal. 2017) ("Given the vague language of the Complaint and the broad definition of the class, it is reasonable for Defendants to assume a 100% violation rate – especially since Plaintiffs offer no alternative rate to challenge Defendant's calculations."); *Jones v. Tween Brands,*

11

*Inc.*, 2014 WL 1607636, at *3 (C.D. Cal. Apr. 22, 2014) (using 100 percent violation rate for waiting-time penalties since the complaint did not limit the number or frequency of violations).

33.    The alleged amount in controversy in this class action, in the aggregate, exceeds $5,000,000.  The Complaint seeks to certify a class of "[a]ll persons employed by Defendants and/or any staffing agencies and/or any other third parties in hourly or non-exempt positions in California [beginning four years prior to the filing of this action until judgment is entered]."  (Ex. A, Complaint, ¶ 13.)  Accordingly, for purposes of the calculations in this Notice of Removal, the relevant time period starting "four years prior to the filing of this action" is from **March 1, 2018** until the present.

34.    During the relevant time period identified in the Complaint, Defendants employed approximately 5,197 Putative Class Members, who worked a total of approximately 63,937 workweeks.  (Lubrano Decl., ¶¶ 8, 10.)  The average rate of pay for non-exempt employees was approximately $14.91 per hour.  (Lubrano Decl., ¶ 9.)  Plaintiff seeks to recover, on behalf of himself and the alleged class, meal and rest period premiums for Defendants' alleged failure to provide meal and rest breaks, unpaid wages for Defendants' alleged failure to pay hourly and overtime wages, unreimbursed business expenses, penalties for Defendants' alleged failure to provide accurate wage statements, waiting time penalties for Defendants' alleged failure to pay all wages due upon resignation or termination of employment, and civil penalties for violations of the Labor Code.  (Ex. A, Complaint.)  Plaintiff also seeks attorneys' fees and costs.  (*Id.*, Prayer for Relief.)

35.    As set forth below, the alleged amount in controversy implicated by the class-wide allegations exceeds $5,000,000.  **All calculations supporting the amount in controversy are based on the Complaint's allegations, assuming, without any admission of the truth of the facts alleged and assuming solely for purposes of this Notice of Removal that liability is established.**

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

36.     The calculations below show that the alleged amount in controversy exceeds $5,000,000, when considering non-exempt employees, such as Plaintiff, and when considering just a few of the causes of action alleged in the Complaint.

### 1.     Meal and Rest Period Claims

37.     Plaintiff seeks payments for alleged denial of or missed or interrupted meal periods and rest periods.  (Ex. A, Complaint, ¶¶ 43-66.)  Plaintiff claims that "Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided." (Ex. A, Complaint, ¶ 53.)  *See also* Ex. A, Complaint, ¶ 63 (same allegation for rest period claim).

38.     The statute of limitations for recovery for meal or rest period premium pay under California Labor Code section 226.7 pay is three years.  *Murphy v. Kenneth Cole Prods.*, Inc., 40 Cal. 4th 1094, 1099 (2007) ("[T]he remedy provided in Labor Code section 226.7 constitutes a wage or premium pay and is governed by a three-year statute of limitations.").  However, Plaintiff alleges a claim for meal and rest break premiums pay as part of his unfair competition claim under Business and Professions Code section 17200, *et seq*.  (Ex. A, Complaint, ¶ 123.)  Although Defendants contend that meal and rest break premium pay cannot be recovered under Business and Professions Code section 17200 (*Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1401 (2010)), according to the allegations of Plaintiff's Complaint, the four-year statute of limitations applies for purposes of removal.  Cal. Bus. & Prof. Code § 17208.  Thus, for determining the amount in controversy, the four-year statute of limitations applies.

39.     Plaintiff is silent as to the amount of alleged meal periods or rest periods he claims to have been denied, thereby precluding precise estimates of the amount in controversy.  Plaintiff alleges that Defendants maintained a **policy or practice** of not providing meal and rest periods. *See* Ex. A, Complaint, ¶ 51 ("Defendants maintained a **policy or practice** of not providing Plaintiff and members of the Meal Period Sub-Class with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5)

13

hour work period, as required by Labor Code § 512 and the applicable Wage Order.");
(Ex. A, Complaint, ¶ 62) ("Defendants maintained **a policy or practice** of not providing
members of the Rest Period Sub-Class with net rest period of at least ten minutes for each
four-hour work period, or major fraction thereof, as required by the applicable Wage
Order." (Emphasis added).

40.    Plaintiff's allegation that Defendants maintained **a policy or practice** of not
providing meal and rest periods entitles Defendants to assume a 100 percent violation
rate. *See, e.g., Soratorio*, 2017 WL 1520416, at *3 ("Plaintiff's Complaint could be
reasonably read to allege a 100% violation rate.  The Complaint notes that Defendants
'did not provide' Plaintiff and the other class members 'a thirty minute meal period for
every five hours worked,' and that this was Defendant's 'common practice.'  It also
alleges that Defendants had a practice of 'requiring employees to work for four hours and
more without a rest period' and that Defendants had a 'common practice' of failing to
provide required breaks.").

41.    Defendants will conservatively assume that putative class members were not
provided **one meal period and one rest period each workweek**.  Plaintiff does not limit
the number of violations alleged in his Complaint, nor has he offered any evidence that
he or other putative class members missed less than ne legally required meal and rest
breaks per week.

42.    As stated above, during the relevant time period identified in the Complaint,
Defendants employed approximately 5,197 Putative Class Members, who worked a total
of approximately 63,937 workweeks.  (Lubrano Decl., ¶¶ 8, 10.)  The average hourly rate
of pay for these individuals is approximately $14.91.  (Lubrano Decl., ¶ 9.)

43.    Although Defendants deny that Plaintiff (or any putative class member) is
entitled to any meal or rest period premium payments, assuming **just one meal period
violation per week** for each putative class member, the amount in controversy for the
meal period claim alone would be approximately **$953,300.67** [(63,937 workweeks) ×
($14.91 per hour) × (1 premium payment per week)].  Assuming **just one rest period**

14

1   **violation per week** for each putative class member, the amount in controversy for the

2   rest period claim alone would also be approximately **$953,300.67** [(63,937 workweeks) ×

3   ($14.91 per hour) × (1 premium payment per week)].  Accordingly, the amount in

4   controversy on Plaintiff's meal and rest period claims when assuming just one meal and

5   rest period violation per week is approximately **$1,906,601.34**.

6             2.    <u>Failure to Pay Wages</u>

7         44.    Plaintiff's Complaint alleges that "Defendants failed to pay hourly wages to

8   Plaintiff and **Hourly Employee Class** members for all time worked, including but not

9   limited to, overtime hours at statutory and/or agreed rates."  (Ex. A, Complaint, ¶ 81.)

10  Specifically, Plaintiff alleges that Putative Class Members "were required to utilize the

11  general entrance to the venues and required to go through a security check at the time of

12  entering and leaving the premises on which they worked," and that this time was not

13  compensated.  (Ex. A, Complaint, ¶¶ 22-23.)  Plaintiff alleges that the "security process

14  and lines of employees could take as long as twenty (20) minutes to get through—time

15  that was not paid by Defendants.)  (Ex. A, Complaint, ¶ 23.)

16        45.    The statute of limitations for recovery for unpaid wages under California

17  Labor Code §§ 510 and 1194 is three years.  Cal. Civ. Proc. Code § 338.  The limitations

18  period is extended to four years when a plaintiff also seeks restitution for the Labor Code

19  violations.  *Falk v. Children's Hosp. Los Angeles*, 237 Cal. App. 4th 1454, 1462, n.12

20  (2015) ("actions for restitution and under Business and Professions Code section 17200

21  are subject to a four-year statute of limitation").  Accordingly, the proposed class period

22  for Plaintiff's overtime claim is from March 1, 2018 until the present.

23        46.    As stated above, during the relevant time period identified in the Complaint,

24  Defendants employed approximately 5,197 Putative Class Members, who worked a total

25  of approximately 63,937 workweeks.  (Lubrano Decl., ¶¶ 8, 10.)  The average hourly rate

26  of pay for these individuals is approximately $14.91.  (Lubrano Decl., ¶ 9.)

27        47.    Although the Complaint alleges that the security check would take up to 20

28  minutes, which Defendants dispute, Defendants will assume for purposes of calculating

85547542v.3

the amount in controversy that the security check took six minutes each day. The amount in controversy for the unpaid wages claim would be **$476,650.34** [(63,937 workweeks) × ($14.91 per hour) × 0.1 hours × 5 days a week].

### 3. Wage Statement Penalties

48. Plaintiff's Complaint alleges that "Defendants have failed to provide **Wage Statement Penalties Sub-Class** members with written wage statements as described [in Labor Code section 226]." (Ex. A, Complaint, ¶ 103.) Additionally, Plaintiff's Complaint alleges that "Defendants' failure to provide him and **Wage Statement Penalties Sub-Class** members with accurate written wage statements were intentional in that Defendants had the ability to provide them with accurate wage statements but had intentionally provided them with written wage statements that Defendants knew do not comply with Labor Code § 226(a)." (*Id.*, at ¶ 104.)

49. Labor Code § 226(e) provides a minimum of $50 for the initial violation as to each employee, and $100 for each further violation as to each employee, up to a maximum penalty of $4,000 per employee. The statute of limitations for recovery of penalties under Labor Code § 226 is one year. *Caliber Bodyworks, Inc. v. Sup. Ct*., 134 Cal. App. 4th 365, 376 (2005); Cal. Civ. Proc. Code § 340(a). Plaintiff filed his Complaint on March 1, 2022. Therefore, the statutory period for a claim under California Labor Code § 226 runs from March 1, 2021 to the present.

50. Putative Class Members are paid weekly. (Lubrano Decl., ¶ 12.)

51. During the period of March 1, 2021 to March 1, 2022, there were approximately 1,282 Putative Class Members, who worked approximately 13,335 pay periods that could qualify for a wage statement penalty during this time period. (Lubrano Decl., ¶ 12.) The amount in controversy for Plaintiff's wage statement claim is approximately **$1,267,350**. (*Id*.)

### 4. Waiting Time Penalties

52. Plaintiff's Complaint also alleges that "During the applicable limitations period, Defendants failed to pay Plaintiff [and the **Waiting Time Penalties Sub-Class**

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

members] all of [their] final wages in accordance with the Labor Code by failing to timely pay him all of his final wages." (Ex. A, Complaint, ¶¶ 113, 114.)

53.    On these grounds, Plaintiff claims that "[p]ursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that their final wages had first become due until paid, up to a maximum of thirty days, and interest thereon." (Ex. A, Complaint, ¶ 117.) Under California Labor Code § 203, a discharged employee is entitled to penalties of up to 30 days' pay at his or her regular pay. *See* Cal. Lab. Code § 203(a) ("If an employer willfully fails to pay … any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days").

54.    The statute of limitations period for California Labor Code § 203 penalties extends back only three years from the date of filing of the complaint, or March 1, 2019. *See Pineda v. Bank of Am., N.A.*, 50 Cal. 4th 1389, 1399 (2010) ("if an employer failed to timely pay final wages to an employee who quit or was fired, the employee would have had one year to sue for the section 203 penalties but, under Code of Civil Procedure section 338, subdivision (a) (Stats. 1935, ch. 581, § 1, p. 1673), three years to sue for the unpaid final wages giving rise to the penalty").

55.    It is also reasonable to assume that each employee waited over 30 days for payment of any allegedly unpaid wages. *See Tajonar v. Echosphere*, LLC, 2015 WL 4064642, at *4-5 (S.D. Cal. July 2, 2015) (finding reasonable the defendant-employer's assumption that each employee was entitled to the maximum thirty-day penalty); *Byrd v. Masonite Corp.*, 2016 WL 2593912, at *3 (C.D. Cal. May 5, 2016) ("[I]t is not unreasonable for [defendant] to assume that each employee would be entitled to the maximum wage penalty – thirty days – for waiting time violations").

56.    During the relevant three-year time period for waiting time penalties, from March 1, 2019 to the present, there were a total of approximately 4,906 non-exempt

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

hourly employees who were terminated from employment with Defendants in California. (Lubrano Decl., ¶ 11.)

57.     Although Defendants dispute liability, a reasonable estimate of the amount in controversy for waiting time penalties is **$17,555,630.40** [$14.91/hour × 8 hours/day × 30 days × 4,906 former hourly employees].

### 5.     Approximate Aggregate Amount In Controversy

58.     Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief for the above-mentioned claims, based on the forgoing calculations, the aggregate amount in controversy for the putative class for all asserted claims, exclusive of attorneys' fees, is approximately **$21,206,232.08**, calculated as follows:

| | |
|---|---|
| **$953,300.67** | Meal Period Claim (Assuming Just 1 Meal Period Violation Per Workweek) |
| **$953,300.67** | Rest Period Claim (Assuming Just 1 Rest Period Violation Per Workweek) |
| **$476,650.34** | Failure to Pay Wages |
| **$1,267,350.00** | Wage Statement Penalties |
| **$17,555,630.40** | Waiting Time Penalties |

59.     The figures above do not take into account Plaintiff's claims for unpaid overtime wages and failure to indemnify reasonable business expenses.

### 6.     Attorneys' Fees

60.     Plaintiff also seeks attorneys' fees.  (Ex. A, Complaint, Prayer for Relief.) Requests for attorneys' fees must also be taken into account in ascertaining the amount in controversy.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory); *Brady v. Mercedes-Benz USA, Inc.*, 243 F. Supp. 2d 1004, 1010-11 (N.D. Cal. 2002) ("Where the law entitles the prevailing plaintiff to recover reasonable attorney fees, a reasonable estimate of fees likely to be incurred to

18

1  resolution is part of the benefit permissibly sought by the plaintiff and thus contributes to

2  the amount in controversy").

3      61.    A reasonable estimate of fees likely to be recovered may be used in

4  calculating the amount in controversy.  *Longmire v. HMS Host USA, Inc.*, 2012 WL

5  5928485, at *9 (S.D. Cal. Nov. 26, 2012) ("[C]ourts may take into account reasonable

6  estimates of attorneys' fees likely to be incurred when analyzing disputes over the

7  amount in controversy under CAFA.") (*citing Brady*, 243 F. Supp. 2d at 1010-11);

8  *Muniz*, 2007 WL 1302504 at *4 (attorneys' fees appropriately included in determining

9  amount in controversy).

10      62.    In a recent decision, the Ninth Circuit held that "a court must include future

11  attorneys' fees recoverable by statute or contract when assessing whether the amount-in-

12  controversy requirement is met."  *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d

13  785, 794 (9th Cir. 2018); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-

14  15 (9th Cir. 2018) ("[T]he amount in controversy is not limited to damages incurred prior

15  to removal – for example, it is not limited to wages a plaintiff-employee would have

16  earned before removal (as opposed to after removal).  Rather, the amount in controversy

17  is determined by the complaint operative at the time of removal and encompasses all

18  relief a court may grant on that complaint if the plaintiff is victorious."); *Lucas v.

19  Michael Kors (USA), Inc.*, 2018 WL 2146403 (C.D. Cal. May 9, 2018) (holding that

20  "unaccrued post-removal attorneys' fees can be factored into the amount in controversy"

21  for CAFA jurisdiction).

22      63.    Indeed, the Ninth Circuit again very recently explicitly confirmed that

23  "when a statute or contract provides for the recovery of attorneys' fees, prospective

24  attorneys' fees must be included in the assessment of the amount in controversy,"

25  including in the context of determining CAFA jurisdiction and as a "principle[] that

26  appl[ies] in CAFA removal cases."  *Arias*, 936 F.3d at 922.

27      64.    In the class action context, courts have found that 25 percent of the

28  aggregate amount in controversy is a benchmark for attorneys' fees award under the

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

"percentage of fund" calculation and courts may depart from this benchmark when warranted.  *See, e.g.*, *Wheatley*, 2019 WL 688209, at *6 (C.D. Cal. Feb. 19, 2019) (finding that an estimate of attorney's fees of 25% reasonable); *Ramos v. Schenker, Inc.*, 2018 WL 5779978, at *3 (C.D. Cal. Nov. 1, 2018) ("[T]the 25% benchmark provides a non-speculative guidepost for assessing jurisdiction."); *Campbell v. Vitran Exp., Inc.*, 471 F. App'x 646, 649 (9th Cir. 2012) (attorneys' fees appropriately included in determining amount in controversy under CAFA); *Powers v. Eichen*, 229 F.3d 1249, 1256-57 (9th Cir. 2000) ("We have also established twenty-five percent of the recovery as a 'benchmark' for attorneys' fees calculations under the percentage-of-recovery approach"); *Wren v. RGIS Inventory Specialists*, 2011 WL 1230826, at *28-29 (N.D. Cal. Apr. 1, 2011) (finding ample support for adjusting the 25% presumptive benchmark upward and found that plaintiffs' request for attorneys' fees in the amount of 42% of the total settlement payment was appropriate and reasonable in the case); *Cicero v. DirecTV, Inc.*, 2010 WL 2991486, at *6-7 (C.D. Cal. July 27, 2010) (finding attorneys' fees in the amount of 30% of the total gross settlement amount to be reasonable); *see also In re Quintas Secs. Litig.*, 148 F. Supp. 2d 967, 973 (N.D. Cal. 2001) (noting that in the class action settlement context the benchmark for setting attorneys' fees is 25 percent of the common fund).  Even under the conservative benchmark of 25 percent of the total amount in controversy for Plaintiff's claims, attorneys' fees alone would be upward of **$5,301,558.02** in this case [$21,206,232.08 amount in controversy × 0.25].

65.    Although Defendants deny Plaintiff's allegations that he or the putative class are entitled to any relief, based on Plaintiff's allegations and prayer for relief, and a conservative estimate based on those allegations, the total amount in controversy is at least **$26,507,790.10,** including attorneys' fees.  This total amount in controversy far exceeds the $5,000,000 threshold set forth under 28 U.S.C. § 1332(d)(2) for removal jurisdiction.

66.    Accordingly, because diversity of citizenship exists, and the amount in controversy exceeds $5,000,000, this Court has original jurisdiction of this action

20

85547542v.3

pursuant to 28 U.S.C. section 1332(d)(2).  This action is therefore a proper one for removal to this Court pursuant to 28 U.S.C. section 1441(a).

67.    To the extent that Plaintiff has alleged any other claims for relief in the Complaint over which this Court would not have original jurisdiction under 28 U.S.C. section 1332(d), the Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. section 1367(a).

## IV.    VENUE

68.    Venue lies in the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1391(a), 1441, and 84(a).  This action originally was brought in San Bernardino County Superior Court of the State of California, which is located within the Central District of California.  28 U.S.C. § 84(a).  Therefore, venue is proper because it is the "district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).

69.    A true and correct copy of this Notice of Removal will be promptly served on Plaintiff and filed with the Clerk of the San Bernardino County Superior Court of the State of California as required under 28 U.S.C. § 1446(d).

## V.    NOTICE TO STATE COURT AND TO PLAINTIFF

70.    Defendants will give prompt notice of the filing of this Notice of Removal to Plaintiff and to the Clerk of the Superior Court of the State of California in the County of San Bernardino.  The Notice of Removal is concurrently being served on all parties.

## VI.    PRAYER FOR REMOVAL

71.    WHEREFORE, Defendants pray that this civil action be removed from Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California.

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

1

2    DATED: August 8, 2022                    Respectfully submitted,

3                                              SEYFARTH SHAW LLP

4
                                              By:  /s/ Daniel Whang
5                                                  Daniel C. Whang
                                                   Jessica C. Koenig
6                                                  Attorneys for Defendants
                                                   RANDSTAD INHOUSE SERVICES,
7                                                  LLC and RANDSTAD NORTH
                                                   AMERICA, INC.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

22

NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

85547542v.3

# EXHIBIT A

To: +19097082~~~   Page: 02 of 32   2022-03-01 21:30:02 GMT   From: Shaun Setareh

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | *FOR COURT USE ONLY* (SOLO PARA USO DE LA CORTE) |
|---|---|
| | SUPERIOR COURT COUNTY OF SAN BERNARDINO SAN BERNARDINO DISTRICT |
| | APR 0 4 2022 |
| | BY _Charlene Sillman_ CHARLENE JOHNSON, DEPUTY |

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD
NORTH AMERICA, INC., a Delaware corporation; (Continued on Attachment 1)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ADAN ORTIZ, on behalf of himself and all others similarly situated, and the general public,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | CASE NUMBER: *(Número del Caso):* |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* San Bernardino County Superior Court 247 West Third Street San Bernardino, CA 92415 | **CIV SB 2 2 0 4 4 9 1** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Shaun Setareh, Esq., SETAREH LAW GROUP, 9565 Wilshire Blvd., Ste. 430, Beverly Hills, CA 90212, (310) 888-7771

| DATE: APR 0 4 2022 (Fecha) | Clerk, by (Secretario) | _____ Charlene Johnson | Deputy (Adjunto) |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010).)*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [XX] on behalf of *(specify):* Randstad Inhouse Services, LLC, a Delaware limited liability company

   under: [ ] CCP 416.10 (corporation)    [ ] CCP 416.60 (minor)
   [ ] CCP 416.20 (defunct corporation)    [ ] CCP 416.70 (conservatee)
   [ ] CCP 416.40 (association or partnership)    [ ] CCP 416.90 (authorized person)
   [XX] other *(specify):* limited liability company

4. [ ] by personal delivery on *(date):*

|  |  |
|---|---|
| | Page 1 of 1 |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| SHORT TITLE: ADAN ORTIZ, etc. v. RANDSTAD INHOUSE SVCS. | CASE NUMBER: CIV SB 2 2 0 4 4 9 1 |
|---|---|

ATTACHMENT 1 to SUMMONS

XPO LOGISTICS, INC. a Delaware corporation; XPO LOGISTICS, LLC, a Delaware limited liability

company; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; and DOES 1

through 50, inclusive,



*(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers):*

This page may be used with any Judicial Council form or any other paper filed with the court.          Page ___ 2

**ADDITIONAL PAGE**
**Attach to Judicial Council Form or Other Court Paper**

CRC 201, 501

To: +19097088586          Page: 07 of 32          2022-03-01 21:30:02 GMT          From: Shaun Setareh

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  Thomas Segal (SBN 222791)
   thomas@setarehlaw.com
3  Tyson Gibb (SBN 339154)
   tyson@setarehlaw.com
4  SETAREH LAW GROUP
   9665 Wilshire Boulevard, Suite 430
5  Beverly Hills, California 90212
   Telephone (310) 888-7771
6  Facsimile (310) 888-0109

7  Attorneys for Plaintiff ADAN ORTIZ

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9              FOR THE COUNTY OF SAN BERNARDINO

10                  UNLIMITED JURISDICTION

11

12  ADAN ORTIZ, on behalf of himself and all       Case No.
    others similarly situated, and the general
13  public,                                         **CLASS AND REPRESENTATIVE ACTION**

14              *Plaintiff,*                         **COMPLAINT**

15        v.                                         1.  Failure to Provide Meal Periods (Lab. Code
                                                         §§ 204, 223, 226.7, 512 and 1198);
16  RANDSTAD INHOUSE SERVICES, LLC, a               2.  Failure to Provide Rest Periods (Lab. Code
    Delaware limited liability company;                 §§ 204, 223, 226.7 and 1198);
17  RANDSTAD NORTH AMERICA, INC., a                 3.  Failure to Pay Hourly Wages (Lab. Code §§
    Delaware corporation; XPO LOGISTICS,               223, 510, 1194, 1194.2, 1197, 1997.1 and
18  INC., a Delaware corporation; XPO                   1198);
    LOGISTICS, LLC, a Delaware limited             4.  Failure to Indemnify (Lab. Code § 2802);
19  liability company; XPO LOGISTICS SUPPLY        5.  Failure to Provide Accurate Written Wage
    CHAIN, INC., a North Carolina Corporation;        Statements (Lab. Code § 226(a));
20  and DOES 1 through 50, inclusive,              6.  Failure to Timely Pay All Final Wages
                                                       (Lab. Code §§ 201, 202 and 203);
21              *Defendants.*                        7.  Unfair Competition (Bus. & Prof. Code §§
                                                       17200 *et seq.*);
22                                                  8.  Civil Penalties (Lab. Code §§ 2698, *et seq.*)

23
                                                    **JURY TRIAL DEMANDED**
24

25

26

27

28

───────────────────────────────────────────
            CLASS AND REPRESENTATIVE-ACTION COMPLAINT

CIV SB  2 2 0 4 4 9 1

F I L E D
SUPERIOR COURT
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

MAR 0 1 2022

BY _Charlene Johnson_
    CHARLENE JOHNSON, DEPUTY

1    Plaintiff ADAN ORTIZ ("Plaintiff"), on behalf of himself and all others similarly situated,

2  the general public, and the State of California complains and alleges as follows:

3                              **INTRODUCTION**

4    1.    Plaintiff brings this class and representative action against defendants RANDSTAD

5  INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH

6  AMERICA, INC., a Delaware corporation; XPO LOGISTICS, INC., a Delaware corporation; XPO

7  LOGISTICS, LLC, a Delaware limited liability company; XPO LOGISTICS SUPPLY CHAIN,

8  INC., a North Carolina Corporation; and DOES 1 through 50, inclusive, (collectively referred to as

9  "Defendants") for alleged violations of the Labor Code. As set forth below, Plaintiff alleges that

10  Defendants have

11    (1)    failed to provide Plaintiff and all other similarly situated individuals and aggrieved

12         employees with meal periods;

13    (2)    failed to provide them with rest periods;

14    (3)    failed to pay them premium wages for missed meal and/or rest periods;

15    (4)    failed to pay them premium wages for missed meal and/or rest periods at the regular

16         rate of pay;

17    (5)    failed to pay them at least minimum wage for all hours worked;

18    (6)    failed to pay them overtime wages at the correct rate;

19    (7)    failed to pay them double time wages at the correct rate;

20    (8)    failed to pay them overtime and/or double time wages by failing to include all

21         applicable remuneration in calculating the regular rate of pay;

22    (9)    failed to reimburse them for all necessary business expenses;

23    (10)   failed to provide them with accurate written wage statements; and

24    (11)   failed to pay them all of their final wages following separation of employment.

25  Based on these alleged violations, Plaintiff now brings this class and representative action to

26  recover unpaid wages, for restitution, for civil and statutory penalties, and for related relief on

27  behalf of himself and all others similarly situated, all other aggrieved employees, and the State of

28  California.

1

**JURISDICTION AND VENUE**

2.    This Court has subject matter jurisdiction to hear this case because the unpaid wages, actual damages, liquidated damages, restitution, and penalties sought by Plaintiff from Defendants exceeds the minimal jurisdictional limits of the Superior Court of the State of California.

3.    Venue is proper in the County of San Bernardino pursuant to Code of Civil Procedure §§ 393(a), 395(a) and 395.5 in that liability arose there, because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business, and/or has an agent therein.

**PARTIES**

4.    Plaintiff is and was, and at all relevant times mentioned herein, an individual residing in the State of California.

5.    Plaintiff is informed and believes, and thereupon alleges, that Defendant RANDSTAD INHOUSE SERVICES, LLC is, and at all relevant times mentioned herein, a Delaware limited liability company doing business in the State of California.

6.    Plaintiff is informed and believes, and thereupon alleges, that Defendant RANDSTAD NORTH AMERICA, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

7.    Plaintiff is informed and believes, and thereupon alleges, that Defendant XPO LOGISTICS, INC. is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

8.    Plaintiff is informed and believes, and thereupon alleges, that Defendant XPO LOGISTICS, LLC is, and at all relevant times mentioned herein, a Delaware limited liability company doing business in the State of California.

9.    Plaintiff is informed and believes, and thereupon alleges, that Defendant XPO LOGISTICS SUPPLY CHAIN, INC. is, and at all relevant times mentioned herein, a North Carolina corporation doing business in the State of California.

10.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.

2

1  Plaintiff will amend this Complaint to allege the true names and capacities of the DOE defendants

2  when ascertained. Plaintiff is informed and believes, and thereupon alleges, that each of the

3  fictitiously named defendants are responsible in some manner for the occurrences, acts and

4  omissions alleged herein and that Plaintiff's alleged damages were proximately caused by these

5  defendants, and each of them. Plaintiff will amend this complaint to allege both the true names and

6  capacities of the DOE defendants when ascertained.

7       11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

8  mentioned herein, some or all of the defendants were the representatives, agents, employees,

9  partners, directors, associates, joint venturers, joint employers, principals, or co-participants of some

10  or all of the other defendants, and, in doing the things alleged herein, were acting within the course

11  and scope of such relationship and with the full knowledge, consent, and ratification by such other

12  defendants.

13  **CLASS ALLEGATIONS**

14       12.    This action has been brought and may be maintained as a class action pursuant to

15  Code of Civil Procedure § 382, because there is a well-defined community of interest among the

16  persons who comprise the readily ascertainable classes defined below and because Plaintiff is

17  unaware of any difficulties likely to be encountered in managing this case as a class action.

18       13.    **Relevant Time Period**: The relevant time period is defined as the time period

19  beginning four years prior to the filing of this action until judgment is entered.

20     **Hourly Employee Class**: All persons employed by Defendants and/or any staffing
   agencies and/or any other third parties in hourly or non-exempt positions in California

21     during the **Relevant Time Period**.

22       **Meal Period Sub-Class**: All **Hourly Employee Class** members who worked
     a shift in excess of five hours during the **Relevant Time Period**.

23

24       **Rest Period Sub-Class**: All **Hourly Employee Class** members who worked
     a shift of at least three and one-half (3.5) hours during the **Relevant Time
     Period**.

25

26       **Waiting Time Penalties Sub-Class**: All **Hourly Employee Class** members
     who separated from their employment with Defendants during the period

27       beginning three years before the filing of this action and ending when final
     judgment is entered.

28

3.

CLASS AND REPRESENTATIVE-ACTION COMPLAINT

**Wage Statement Penalties Sub-Class**: All individuals employed by Defendants in California during the period beginning one year before the filing of this action and ending when final judgment is entered.

**UCL Class**: All Hourly Employee Class members employed by Defendants in California during the **Relevant Time Period**.

**Expense Reimbursement Class**: All persons employed by Defendants in California during the **Relevant Time Period**.

14.    **Reservation of Rights**:  Pursuant to Rule of Court 3.765(b), Plaintiff reserves the right to amend or modify the class definitions with greater specificity by further division into sub-classes and/or by limitation to particular issues.

15.    **Numerosity**: The class members are so numerous that the individual joinder of each individual class member is impractical. While Plaintiff does not currently know the exact number of class members, Plaintiff is informed and believes, and thereupon alleges, that the actual number exceeds the minimum required for numerosity under California law.

16.    **Commonality and Predominance**: Common questions of law and fact exist as to all class members and predominate over any questions that affect only individual class members. These common questions include, but are not limited to:

i.    Whether Defendants maintained a policy or practice of failing to provide employees with their meal periods;

ii.    Whether Defendants maintained a policy or practice of failing to provide employees with their rest periods;

iii.    Whether Defendants failed to pay premium wages to class members when they have not been provided with required meal and/or rest periods;

iv.    Whether Defendants failed to pay minimum and/or overtime wages to class members as a result of policies that fail to provide meal periods in accordance with California law;

v.    Whether Defendants failed to pay minimum and/or overtime wages to class members for all time worked;

vi.    Whether Defendants used payroll formulas that systematically fail to account for

4

1    non-discretionary bonuses and/or other applicable remuneration when calculating

2    regular rates of pay for class members;

3    vii.   Whether Defendants failed to pay overtime wages to class members as a result of

4    incorrectly calculating their regular rates of pay;

5    viii.  Whether Defendants failed to pay premium wages to class members based on their

6    respective "regular rates of compensation" by not including commissions and/or

7    other applicable remuneration in calculating the rates at which those wages are paid;

8    ix.    Whether Defendants failed to reimburse class members for all necessary business

9    expenses incurred during the discharge of their duties;

10   x.     Whether Defendants failed to provide class members with accurate written wage

11   statements as a result of providing them with written wage statements with

12   inaccurate entries for, among other things, amounts of gross and net wages, and total

13   hours worked;

14   xi.    Whether Defendants applied policies or practices that result in late and/or incomplete

15   final wage payments;

16   xii.   Whether Defendants are liable to class members for waiting time penalties under

17   Labor Code section 203;

18   xiii.  Whether class members are entitled to restitution of money or property that

19   Defendants may have acquired from them through unfair competition;

20   17.    **Typicality:** Plaintiff's claims are typical of the other class members' claims. Plaintiff

21   is informed and believes, and thereupon alleges, that Defendants have a policy or practice of failing

22   to comply with the Labor Code and Business and Professions Code as alleged in this Complaint.

23   18.    **Adequacy of Class Representative:** Plaintiff is an adequate class representative in

24   that he has no interests that are adverse to or otherwise conflict with the interests of absent class

25   members and is dedicated to vigorously prosecuting this action on their behalf. Plaintiff will fairly

26   and adequately represent and protect the interests of the other class members.

27   19.    **Adequacy of Class Counsel:** Plaintiff's counsel are adequate class counsel in that

28   they have no known conflicts of interest with Plaintiff or absent class members, are experienced in

1  wage and hour class action litigation, and are dedicated to vigorously prosecuting this action on

2  behalf of Plaintiff and absent class members.

3      20.    **Superiority**: A class action is vastly superior to other available means for fair and

4  efficient adjudication of the class members' claims and would be beneficial to the parties and the

5  Court. Class action treatment will allow a number of similarly situated persons to prosecute their

6  common claims simultaneously and efficiently in a single forum without the unnecessary

7  duplication of effort and expense that numerous individual actions would entail. In addition, the

8  monetary amounts due to many individual class members are likely to be relatively small and would

9  thus make it difficult, if not impossible, for individual class members to both seek and obtain relief.

10  Moreover, a class action will serve an important public interest by permitting class members to

11  effectively pursue the recovery of monies owed to them. Further, a class action will prevent the

12  potential for inconsistent or contradictory judgments inherent in individual litigation.

13      **GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

14      21.    Plaintiff worked for Defendants as an hourly, non-exempt employee at all times

15  during the applicable statutory period.

16      **Security Check and Off-the-Clock**

17      22.    Plaintiff and the putative class were required to utilize the general entrance to the

18  venues and required to go through a security check at the time of entering and leaving the premises

19  on which they worked. The security check required Plaintiff and the putative class to first wait in a

20  general purpose line where anyone who wanted to enter the venues were required to pull down

21  their face mask and go through a facial recognition scan outside the first set of doors. Plaintiff and

22  the putative class were required to stand outside the premises waiting in long lines until a computer

23  scanned their face to allow them into the facility. Upon getting through the facial recognition,

24  Defendants performed a metal detector examination of Plaintiff and the putative class, and if they

25  had any metal items on their person they would be required to go through the metal detector

26  multiple times and/or stand to the side to be manually scanned with a metal detector wand.

27  Additionally, Plaintiff and the putative class would pool up around their designated timeclock

28  station to "clock in" and/or "clock out."

23.     The security process and lines of employees could take as long as twenty (20) minutes to get through —time that was not paid by Defendants.

24.     Plaintiff and the putative class were required to go through the security check prior to clocking in at the beginning of each work shift and were required to clock out first at the end of each work shift prior to going through a bag check. Plaintiff and the putative class were required to open any bags they had including but not limited to their lunch bag to show the security personnel the contents before they were allowed to leave.

25.     Based on the above, Defendants' security check practices have resulted in substantial amounts of time not recorded as hours worked therefore resulting in substantial amounts of wages not paid to Plaintiff and the putative class.

### Shortened Meal Periods

26.     Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of requiring Plaintiff and the putative class to wait in a long line to clock in and out for their meal periods as they were required to utilize the general entrance to the venues and required to go through a security check at the time of entering and leaving the venues where they worked. Accordingly, Plaintiff and the putative class would typically have to wait in line before they could clock back in from their meal periods.

27.     Accordingly, Plaintiff and the putative class were provided with shortened meal periods due to the time spent entering and leaving the venues, undergoing the security checks described above, waiting in lines and returning to their workstations.

28.     Plaintiff alleges that, at relevant times during the applicable limitations period, due to Defendants' above-mentioned policy or practice, Plaintiff and the putative class did not receive their full thirty (30) minute uninterrupted meal periods that they were entitled to under California law.

### Missed Rest Periods

29.     Plaintiff and the putative class were not provided with rest periods of at least ten (10) minutes for each four (4) hour work period, or major fraction thereof, due to (1) Defendants' policy of not scheduling each rest period as part of each work shift; (2) chronically understaffing

7

1  each work shift with not enough workers; (3) imposing so much work on each employee such that

2  it made it unlikely that an employee would be able to take their breaks if they wanted to finish their

3  work on time; and (4) no formal written meal and rest period policy that encouraged employees to

4  take their meal and rest periods. Additionally, Defendants maintained a policy and/or practice of

5  requiring Plaintiff and the putative class take only one break per workday in combination with their

6  half hour lunch.

7       30.    As a result of Defendants' policy and/or practice, Plaintiff and the putative class

8  were regularly not provided with uninterrupted rest periods of at least ten (10) minutes for each

9  four (4) hours worked due to complying with Defendants' productivity requirements that required

10 Plaintiff and the putative class to work through their rest periods in order to complete their

11 assignments on time.

12                              **Regular Rate of Pay**

13      31.    The regular rate of pay under California law includes all remuneration for

14 employment paid, on behalf of the employer, to the employee. This requirement includes, but is

15 not limited, to, commissions and non-discretionary bonuses.

16      32.    During the applicable limitations period, Defendants violated the rights of Plaintiff

17 and the putative class under the above-referenced Labor Code sections by failing to pay them

18 overtime wages for all overtime hours worked and/or premium wages in violation of Labor Code

19 §§ 510, 1194, and 1198 as a result of not correctly calculating their regular rate of pay to include

20 all applicable remuneration, including, but not limited to, non-discretionary bonuses based on

21 attendance, and/or non-discretionary "Pandemic" pay, and/or other applicable remuneration.

22                              **Expense Reimbursement**

23      33.    Plaintiff and the putative class members were required to purchase and utilize their

24 own personal tools to perform their job duties.

25      34.    Plaintiff and the putative class members were not reimbursed for business expenses

26 incurred in purchasing cutting tools including but not limited to supply knives necessary for the

27 execution of their job duties.

28      35.    In addition, Plaintiff and the putative class members were not paid at least two times

                                        8

1  the minimum wage for all hours worked.

2     36.    Defendants failed to reimburse Plaintiff and the putative class for such necessary

3  business expenses incurred by them.

4                                    <u>Wage Statements</u>

5     37.    Plaintiff and the putative class were not provided with accurate wage statements as

6  mandated by law pursuant to Labor Code § 226. Defendants did not provide Plaintiff and the

7  putative class with a feasible option to receive paper stubs as a detachable part of their check and

8  maintained a policy and/or practice of requiring that Plaintiff and the putative class authorize direct

9  deposit.

10     38.    Defendants failed to comply with Labor Code section 226(a)(1) as "gross wages

11 earned" were not accurately reflected in that all hours worked, including overtime and "off-the-

12 clock" work were not included.

13     39.    Defendants failed to comply with Labor Code section 226(a)(2) as "total hours

14 worked by the employee" were not accurately reflected in that all hours worked, including overtime

15 and "off-the-clock" work were not included.

16     40.    Defendants failed to comply with Labor Code section 226(a)(5) as "net wages

17 earned" were not accurately reflected in that all hours worked, including overtime and "off-the-

18 clock" work were not included.

19     41.    Defendants failed to comply with Labor Code section 226(a)(8) as "the name and

20 address of the legal entity that is the employer" were not accurately reflected in that Defendants

21 failed to include the name and address of all legal entities that were the employers, including but not

22 limited to all companies with whom Defendants contract to supply Plaintiff and the putative class as

23 labor.

24     42.    Defendants failed to comply with Labor Code section 226(a)(9) as "all applicable

25 hourly rates in effect during the pay period and the corresponding number of hours worked at each

26 hourly rate by the employee" were not accurately reflected in that all hours worked, including

27 overtime and "off-the-clock" work were not included.

28 ///

9

## FIRST CAUSE OF ACTION

### FAILURE TO PROVIDE MEAL PERIODS

### (Lab. Code §§ 204, 223, 226.7, 512 and 1198)

### (Plaintiff and Meal Period Sub-Class)

43.     Plaintiff incorporates by reference the preceding paragraphs as if fully alleged herein.

44.     At all relevant times, Plaintiff and the **Meal Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full meal period protections of both the Labor Code and the applicable Industrial Welfare Commission Wage Order ("Wage Order").

45.     Labor Code § 512 and § 11 of the applicable Wage Order impose an affirmative obligation on employers to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five hours, and to provide them with two uninterrupted, duty-free meal periods of at least thirty minutes for each work period of ten hours.

46.     Labor Code § 226.7 and §.11 of the applicable Wage Order both prohibit employers from requiring employees to work during required meal periods and require employers to pay non-exempt employees an hour of premium wages on each workday that the employee is not provided with the required meal period.

47.     Compensation for missed meal periods constitutes wages within the meaning of Labor Code § 200.

48.     Labor Code § 1198 makes it unlawful to employ a person under conditions that violate the applicable Wage Order.

49.     Section 11 of the applicable Wage Order states:

"No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and employee. Unless the employee is relieved of all duty during a 30 minute meal period, the meal period shall be considered an 'on duty' meal period and counted as time worked.  An 'on duty' meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to.  The written agreement shall state that the employee may, in writing, revoke the agreement at any time."

50.    At all relevant times, Plaintiff was not subject to a valid on-duty meal period agreement. Plaintiff is informed and believes that, at all relevant times, **Meal Period Sub-Class** members were not subject to valid on-duty meal period agreements with Defendants.

51.    Plaintiff alleges that, at all relevant times during the applicable limitations period, Defendants maintained a policy or practice of not providing Plaintiff and members of the **Meal Period Sub-Class** with uninterrupted, duty-free meal periods for at least thirty (30) minutes for each five (5) hour work period, as required by Labor Code § 512 and the applicable Wage Order.

52.    Moreover, Defendants' written policies do not provide that employees must take their first meal period before the end of the fifth hour of work, that employees are entitled to a second meal period if they work a shift of over ten hours, or that the second meal period must commence before the end of the tenth hour of work, unless waived.

53.    At all relevant times, Defendants failed to pay Plaintiff and the **Meal Period Sub-Class** members additional premium wages, and/or were not paid premium wages at the employees' regular rates of pay when required meal periods were not provided.

54.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seek to recover unpaid premium wages, interest thereon, and costs of suit.

55.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and the **Meal Period Sub-Class** members, seeks to recover reasonable attorneys' fees.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE REST PERIODS

### (Lab. Code §§ 204, 223, 226.7 and 1198)

### (Plaintiff and Rest Period Sub-Class)

56.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

57.    At all relevant times, Plaintiff and the **Rest Period Sub-Class** members have been non-exempt employees of Defendants entitled to the full rest period protections of both the Labor

1 | Code and the applicable Wage Order.

2 |     58.    Section 12 of the applicable Wage Order imposes an affirmative obligation on
3 | employers to permit and authorize employees to take required rest periods at a rate of no less than
4 | ten minutes of net rest time for each four-hour work period, or major fraction thereof, that must be
5 | in the middle of each work period insofar as practicable.

6 |     59.    Labor Code § 226.7 and § 12 of the applicable Wage Order both prohibit employers
7 | from requiring employees to work during required rest periods and require employers to pay non-
8 | exempt employees an hour of premium wages at the employees' regular rates of pay, on each
9 | workday that the employee is not provided with the required rest period(s).

10 |     60.    Compensation for missed rest periods constitutes wages within the meaning of Labor
11 | Code § 200.

12 |     61.    Labor Code § 1198 makes it unlawful to employ a person under conditions that
13 | violate the Wage Order.

14 |     62.    Plaintiff alleges that, at all relevant times during the applicable limitations period,
15 | Defendants maintained a policy or practice of not providing members of the **Rest Period Sub-Class**
16 | with net rest period of at least ten minutes for each four-hour work period, or major fraction thereof,
17 | as required by the applicable Wage Order.

18 |     63.    At all relevant times, Defendants failed to pay Plaintiff and the **Rest Period Sub-**
19 | **Class** members additional premium wages when required rest periods were not provided.

20 |     64.    Specifically, Defendants written policies do not provide that employees may take a
21 | rest period for each four hours worked, or major fraction thereof, nor that rest periods should be
22 | taken in the middle of each work period insofar as practicable.

23 |     65.    Pursuant to Labor Code §§ 204, 218.6 and 226.7, Plaintiff, on behalf of himself and
24 | **Rest Period Sub-Class** members, seeks to recover unpaid premium wages, interest thereon, and
25 | costs of suit.

26 |     66.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial
27 | benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Rest Period**
28 | **Sub-Class** members, seeks to recover reasonable attorneys' fees.

**THIRD CAUSE OF ACTION**

**FAILURE TO PAY HOURLY AND OVERTIME WAGES**

**(Lab. Code §§ 223, 510, 1194, 1197 and 1198)**

**(Plaintiff and Hourly Employee Class)**

67. Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

68. At all relevant times, Plaintiff and Hourly Employee Class members are or have been non-exempt employees of Defendants entitled to the full protections of the Labor Code and the applicable Wage Order.

69. Section 2 of the applicable Wage Order defines "hours worked" as "the time during which an employee is subject to the control of the employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

70. Section 4 of the applicable Wage Order requires an employer to pay non-exempt employees at least the minimum wage set forth therein for all hours worked, which consists of all hours that an employer has actual or constructive knowledge that employees are working.

71. Labor Code § 1194 invalidates any agreement between an employer and an employee to work for less than the minimum or overtime wage required under the applicable Wage Order.

72. Labor Code § 1194.2 entitles non-exempt employees to recover liquidated damages in amounts equal to the amounts of unpaid minimum wages and interest thereon in addition to the underlying unpaid minimum wages and interest thereon.

73. Labor Code § 1197 makes it unlawful for an employer to pay an employee less than the minimum wage required under the applicable Wage Order for all hours worked during a payroll period.

74. Labor Code § 1197.1 provides that it is unlawful for any employer or any other person acting either individually or as an officer, agent, or employee of another person to pay an employee, or cause an employee to be paid, less than the applicable minimum wage.

75. Labor Code § 1198 makes it unlawful for employers to employ employees under conditions that violate the applicable Wage Order.

76.     Labor Code § 204 requires employers to pay non-exempt employees their earned wages for the normal work period at least twice during each calendar month on days the employer designates in advance and to pay non-exempt employees their earned wages for labor performed in excess of the normal work period by no later than the next regular payday.

77.     Labor Code § 223 makes it unlawful for employers to pay their employees lower wages than required by contract or statute while purporting to pay them legal wages.

78.     Labor Code § 510 and § 3 of the applicable Wage Order require employers to pay non-exempt employees overtime wages of no less than one and one-half times the employees' respective regular rates of pay for all hours worked in excess of eight hours in one workday, all hours worked in excess of forty hours in one workweek, and for the first eight hours worked on the seventh consecutive day of one workweek.

79.     Labor Code § 510 and § 3 of the applicable Wage Order also require employers to pay non-exempt employees overtime wages of no less than two times the employees' respective regular rates of pay for all hours worked in excess of twelve hours in one workday and for all hours worked in excess of eight hours on a seventh consecutive workday during the workweek.

80.     Plaintiff is informed and believes that, at all relevant times, Defendants have applied centrally devised policies and practices to him and **Hourly Employee Class** members with respect to working conditions and compensation arrangements.

81.     At all relevant times, Defendants failed to pay hourly wages to Plaintiff and **Hourly Employee Class** members for all time worked, including but not limited to, overtime hours at statutory and/or agreed rates.

82.     During the relevant time period, Defendants failed to pay Plaintiff and **Hourly Employee Class** members all earned wages every pay period at the correct rates, including overtime rates, because Defendants directed, permitted, or otherwise encouraged Plaintiff and **Hourly Employee Class** members to perform off-the-clock work.

83.     As a result of Defendants' unlawful conduct, Plaintiff and **Hourly Employee Class** members have suffered damages in an amount subject to proof, to the extent they were not paid the full amount of wages earned during each pay period during the applicable limitations period,

14

1  including overtime wages.

2      84.    Pursuant to Labor Code §§ 204, 218.6, 223, 510, 1194 and 1194.2, Plaintiff, on

3  behalf of himself and **Hourly Employee Class** members, seeks to recover unpaid straight time and

4  overtime wages, interest thereon, and costs of suit.

5      85.    The regular rate of pay under California law includes all remuneration for

6  employment paid, on behalf of the employer, to the employee. This requirement includes but is not

7  limited to, non-discretionary bonuses based on attendance, and/or non-discretionary "Pandemic"

8  pay, and/or other applicable remuneration.

9      86.    During the applicable limitations period, Defendants violated the rights of Plaintiff

10  and **Hourly Employee Class** members under the above-referenced Labor Code sections by failing

11  to pay them overtime wages for all overtime hours worked in violation of Labor Code §§ 510, 1194

12  and 1198 by not correctly calculating their regular rate of pay to include all applicable

13  remuneration, including but not limited to, non-discretionary bonuses based on attendance, and/or

14  non-discretionary "Pandemic" pay, and/or other applicable remuneration.

15      87.    California law uses the terms "compensation" and "pay" interchangeably and

16  requires that all applicable remuneration, including but not limited to, non-discretionary bonuses

17  based on attendance, and/or non-discretionary "Pandemic" pay, and/or other applicable

18  remuneration, be included when calculating an employee's regular rate of pay.

19      88.    At all relevant times, Defendants paid Plaintiff premium wages based on a rate of

20  compensation that did not reflect, among other things, non-discretionary bonuses based on

21  attendance, and/or non-discretionary "Pandemic" pay, and/or other applicable remuneration as

22  required by Labor Code § 226.7(b) and §§ 11 and 12 of the applicable Wage Order on the occasions

23  when Defendants paid him premium wages in lieu of meal and/or rest periods.

24      89.    Plaintiff is informed and believes, and thereupon alleges, that, at all relevant times

25  during the applicable limitations period, Defendants maintained a policy or practice of paying

26  **Hourly Employee Class** members premium wages based on rates of compensation that have not

27  reflected non-discretionary bonuses based on attendance, and/or non-discretionary "Pandemic" pay,

28  and/or other applicable remuneration as required by Labor Code § 226.7(b) and §§ 11 and 12 of the

1  applicable Wage Order on the occasions when Defendants paid them premium wages in lieu of

2  meal and/or rest periods.

3       90.    Pursuant to Labor Code § 1194, Code of Civil Procedure § 1021.5, the substantial

4  benefit doctrine, and/or the common fund doctrine, Plaintiff, on behalf of himself and **Hourly**

5  **Employee Class** members, seeks to recover reasonable attorneys' fees.

6                    **FOURTH CAUSE OF ACTION**

7                    **FAILURE TO INDEMNIFY**

8                    **(Lab. Code § 2802)**

9            **(Plaintiff and Expense Reimbursement Class)**

10      91.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

11      92.    Labor Code section 2802(a) states:

12          An employer shall indemnify his or her employee for all necessary expenditures or
            losses incurred by the employee in direct consequence of the discharge of his or her
13          duties, or of his or her obedience to the directions of the employer, even though
            unlawful, unless the employee, at the time of obeying the directions, believed them to
14          be unlawful.

15      93.    At all relevant times during the applicable limitations period, Plaintiff and the

16  **Expense Reimbursement Class** members incurred necessary business-related expenses and costs,

17  including but not limited to, cutting tools that were necessary for the execution of their job duties.

18      94.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

19  by Defendants was insufficient to indemnify Plaintiff for all necessary expenses incurred in the

20  discharge of their duties.

21      95.    Plaintiff is informed and believes and thereupon alleges that the reimbursement paid

22  by Defendants was insufficient to indemnify **Expense Reimbursement Class** members for all

23  necessary business expenses incurred in the discharge of their duties.

24      96.    At all relevant times during the applicable limitations period, Defendants required

25  Plaintiff and the **Expense Reimbursement Class** members to pay for expenses and/or losses caused

26  by Defendants' want of ordinary care. Defendants failed to indemnify Plaintiff and **Expense**

27  **Reimbursement Class** members for all such expenditures.

28      97.    Plaintiff is informed and believes that, during the applicable limitations period,

                              16
                CLASS AND REPRESENTATIVE ACTION COMPLAINT

1   Defendants maintained a policy or practice of not reimbursing Plaintiff and **Expense**

2   **Reimbursement Class** members for all necessary business expenses.

3        98.    Accordingly, Plaintiff and **Expense Reimbursement Class** members are entitled to

4   restitution for all unpaid amounts due and owing within four years of the date of the filing of the

5   original Complaint and until the date of entry of judgment.

6        99.    Plaintiff, on behalf of himself , and **Expense Reimbursement Class** members, seeks

7   interest thereon and costs pursuant to Labor Code § 218.6 and reasonable attorneys' fees pursuant to

8   Code of Civil Procedure § 1021.5.

9                                 **FIFTH CAUSE OF ACTION**

10         **FAILURE TO PROVIDE ACCURATE WRITTEN WAGE STATEMENTS**

11                        **(Lab. Code § 226)**

12          **(Plaintiff and Wage Statement Penalties Sub-Class)**

13       100.   Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

14       101.   Labor Code § 226(a) states:

15      An employer, semimonthly or at the time of each payment of wages, shall furnish to
      his or her employee, either as a detachable part of the check, draft, or voucher paying

16      the employee's wages, or separately if wages are paid by personal check or cash, an
      accurate itemized statement in writing showing (1) gross wages earned, (2) total hours

17      worked by the employee, except as provided in subdivision (j), (3) the number of
      piece-rate units earned and any applicable piece rate if the employee is paid on a piece-

18      rate basis, (4) all deductions, provided that all deductions made on written orders of
      the employee may be aggregated and shown as one item, (5) net wages earned, (6) the

19      inclusive dates of the period for which the employee is paid, (7) the name of the
      employee and only the last four digits of his or her social security number or an

20      employee identification number other than a social security number, (8) the name and
      address of the legal entity that is the employer and, if the employer is a farm labor

21      contractor, as defined in subdivision (b) of Section 1682, the name and address of the
      legal entity that secured the services of the employer, and (9) all applicable hourly

22      rates in effect during the pay period and the corresponding number of hours worked
      at each hourly rate by the employee and, beginning July 1, 2013, if the employer is a

23      temporary services employer as defined in Section 201.3, the rate of pay and the total
      hours worked for each temporary services assignment.  The deductions made from

24      payment of wages shall be recorded in ink or other indelible form, properly dated,
      showing the month, day, and year, and a copy of the statement and the record of the

25      deductions shall be kept on file by the employer for at least three years at the place of
      employment or at a central location within the State of California.  For purposes of

26      this subdivision, 'copy' includes a duplicate of the itemized statement provided to an
      employee or a computer-generated record that accurately shows all of the information

27      required by this subdivision.

28       102.   The Division of Labor Standards Enforcement ("DLSE") has sought to harmonize

1   the "detachable part of the check" provision and the "accurate itemized statement in writing"

2   provision of Labor Code section 226(a) by allowing for electronic wage statements so long as each

3   employee retains the right to elect to receive a written paper stub or record and that those who are

4   provided with electronic wage statements retain the ability to easily access the information and

5   convert the electronic statements into hard copies at no expense to the employee. (DLSE Opinion

6   Letter July 6, 2006.)

7       103.   Plaintiff is informed and believes that, at all relevant times during the applicable

8   limitations period, Defendants have failed to provide **Wage Statement Penalties Sub-Class**

9   members with written wage statements as described above.

10      104.   Plaintiff is informed and believes that Defendants' failure to provide him and **Wage**

11  **Statement Penalties Sub-Class** members with accurate written wage statements were intentional in

12  that Defendants had the ability to provide them with accurate wage statements but had intentionally

13  provided them with written wage statements that Defendants knew do not comply with Labor Code

14  § 226(a).

15      105.   Plaintiff and **Wage Statement Penalties Sub-Class** members have suffered injuries,

16  in that Defendants have violated Plaintiff's and **Wage Statement Penalties Sub-Class** members'

17  legal rights to receive accurate wage statements and have misled them about their actual rates of pay

18  and wages earned. In addition, inaccurate information on their wage statements have prevented

19  immediate challenges to Defendants' unlawful pay practices, has required discovery and

20  mathematical computations to determine the amount of wages owed, has caused difficulty and

21  expense in attempting to reconstruct time and pay records, and/or has led to the submission of

22  inaccurate information about wages and deductions to federal and state government agencies.

23      106.   Pursuant to Labor Code § 226(e), Plaintiff, on behalf of himself and **Wage**

24  **Statement Penalties Sub-Class** members, seeks the greater of actual damages or fifty dollars

25  ($50.00) for the initial pay period in which a violation of Labor Code section 226(a) occurred and

26  one hundred dollars ($100.00) for each subsequent pay period in which a violation of Labor Code §

27  226(a) occurred, not to exceed an aggregate penalty of four thousand dollars ($4,000.00) per class

28  member.

CLASS AND REPRESENTATIVE-ACTION COMPLAINT

1    107.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or

2    the common fund doctrine, Plaintiff, on behalf of himself and **Wage Statement Penalties Sub-**

3    **Class** members, seek awards of reasonable attorneys' fees and costs.

4    <u>**SIXTH CAUSE OF ACTION**</u>

5    **FAILURE TO TIMELY PAY ALL FINAL WAGES**

6    **(Lab. Code §§ 201–203)**

7    **(Plaintiff and Waiting Time Penalties Sub-Class)**

8    108.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

9    109.    At all relevant times, Plaintiff and **Waiting Time Penalties Sub-Class** members

10   have been entitled, upon the end of their employment with Defendants, to timely payment of all

11   wages earned and unpaid before termination or resignation.

12   110.    At all relevant times, pursuant to Labor Code § 201, employees who have been

13   discharged have been entitled to payment of all final wages immediately upon termination.

14   111.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned

15   after giving at least seventy-two (72) hours' notice of resignation have been entitled to payment of

16   all final wages at the time of resignation.

17   112.    At all relevant times, pursuant to Labor Code § 202, employees who have resigned

18   after giving less than seventy-two (72) hours' notice of resignation have been entitled to payment of

19   all final wages within seventy-two (72) hours' of giving notice of resignation.

20   113.    During the applicable limitations period, Defendants failed to pay Plaintiff all of his

21   final wages in accordance with the Labor Code by failing to timely pay him all of his final wages.

22   114.    Plaintiff is informed and believes that, at all relevant times during the applicable

23   limitations period, Defendants have failed to timely pay **Waiting Time Penalties Sub-Class**

24   members all of their final wages in accordance with the Labor Code.

25   115.    Plaintiff is informed and believes that, at all relevant times during the applicable

26   limitations period, Defendants have maintained a policy or practice of paying **Waiting Time**

27   **Penalties Sub-Class** members their final wages without regard to the requirements of Labor Code

28   §§ 201 or 202 by failing to timely pay them all final wages.

CLASS AND REPRESENTATIVE ACTION COMPLAINT

116.    Plaintiff is informed and believes and thereupon alleges that Defendants' failure to timely pay all final wages to him and **Waiting Time Penalties Sub-Class** members have been willful in that Defendants have the ability to pay final wages in accordance with Labor Code §§ 201 and/or 202 but have intentionally adopted policies or practices that are incompatible with those requirements.

117.    Pursuant to Labor Code §§ 203 and 218.6, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seeks waiting time penalties from the respective dates that their final wages had first become due until paid, up to a maximum of thirty days, and interest thereon.

118.    Pursuant to Labor Code § 226, Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or the common fund doctrine, Plaintiff, on behalf of himself and **Waiting Time Penalties Sub-Class** members, seek awards of reasonable attorneys' fees and costs.

## SEVENTH CAUSE OF ACTION

### UNFAIR COMPETITION

### (Bus. & Prof. Code §§ 17200 *et seq.*)

### (Plaintiff and UCL Class)

119.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

120.    Business and Professions Code § 17200 defines "unfair competition" to include any unlawful business practice.

121.    Business and Professions Code §§ 17203–17204 allow a person who has lost money or property as a result of unfair competition to bring a class action in accordance with Code of Civil Procedure § 382 to recover money or property that may have been acquired from similarly situated persons by means of unfair competition.

122.    California law requires employers to pay hourly, non-exempt employees for all hours they are permitted or suffered to work, including hours that the employer knows or reasonably should know that employees have worked.

123.    Plaintiff, on behalf of himself and the **UCL Class** members, re-alleges and incorporates the FIRST, SECOND, THIRD, and FOURTH causes of action herein.

124. Plaintiff lost money and/or property as a result of the aforementioned unfair competition.

125. Defendants have or may have acquired money by means of unfair competition.

126. Plaintiff is informed and believes and thereupon alleges that, by committing the Labor Code violations described in this Complaint, Defendants violated Labor Code §§ 215, 216, 225, 226.6, 354, 408, 553, 1175, 1199 and 2802. Defendants thus committed misdemeanors by violating the Labor Code as alleged herein.

127. Defendants have committed criminal conduct through their policies and practices of, *inter alia*, failing to comport with their affirmative obligations as an employer to provide non-exempt employees with uninterrupted, duty-free meal periods of at least thirty minutes for each work period of five or more hours, by failing to pay non-exempt employees for all hours worked, and by failing to reimburse them for all expenses.

128. At all relevant times, Plaintiff and UCL Class members have been non-exempt employees and entitled to the full protections of both the Labor Code and the applicable Wage Order.

129. Defendants' unlawful conduct as alleged in this Complaint amounts to and constitutes unfair competition within the meaning of Business and Professions Code section 17200 *et sequitur*. Business and Professions Code §§ 17200 *et sequitur* protect against unfair competition and allow a person who has suffered an injury-in-fact and has lost money or property as a result of an unfair, unlawful, or fraudulent business practice to seek restitution on behalf of himself and on behalf of similarly situated persons in a class-action proceeding.

130. As a result of Defendants' violations of the Labor Code during the applicable limitations period, Plaintiff has suffered an injury-in-fact and has lost money or property in the form of earned wages. Specifically, Plaintiff has lost money or property as a result of Defendants' conduct.

131. Plaintiff is informed and believes that other similarly situated persons have been subject to the same unlawful policies or practices of Defendants.

132. Due to the unfair and unlawful business practices in violation of the Labor Code,

21

1  Defendants have gained a competitive advantage over other comparable companies doing business
2  in the State of California that comply with their legal obligations.

3      133.    California's Unfair Competition Law ("UCL") permits civil recovery and injunctive
4  relief for "any unlawful, unfair or fraudulent business act or practice," including a practice or act
5  that violates, or is considered unlawful under, any other state or federal law.

6      134.    Accordingly, pursuant to Business & Professions Code §§ 17200 and 17203,
7  Plaintiff requests the issuance of temporary, preliminary, and permanent injunctive relief enjoining
8  Defendants, and each of them, and their agents and employees, from further violations of the Labor
9  Code and applicable Industrial Welfare Commission Wage Orders, and upon a final hearing, an
10  order permanently enjoining Defendants, and each of them, and their respective agents and
11  employees, from further violations of the Labor Code and applicable Industrial Welfare
12  Commission Wage Orders.

13      135.    Pursuant to Business and Professions Code § 17203, Plaintiff, on behalf of himself
14  and **UCL Class** members, seeks declaratory relief and restitution of all monies rightfully belonging
15  to them that Defendants did not pay them or otherwise retained by means of its unlawful and unfair
16  business practices.

17      136.    Pursuant to Code of Civil Procedure § 1021.5, the substantial benefit doctrine and/or
18  the common fund doctrine, Plaintiff and **UCL Class** members are entitled to recover reasonable
19  attorneys' fees in connection with their unfair competition claims.

20              **EIGHTH CAUSE OF ACTION**

21                  **CIVIL PENALTIES**

22              **(Lab. Code §§ 2698 *et seq.*)**

23      137.    Plaintiff incorporates the preceding paragraphs as if fully alleged herein.

24      138.    During the applicable limitations period, Defendants have violated Labor Code §§
25  201, 202, 203, 204, 223, 226(a), 226.7, 510, 512, 1174, 1194, 1197, 1198, and 2802.

26      139.    Labor Code §§ 2699(a) and (g) authorize an aggrieved employee, on behalf of
27  himself and other current and former employees, to bring a representative civil action to recover
28  civil penalties pursuant to the procedures set forth in Labor Code § 2699.3 that may, but need not,

1   be brought or maintained as a class action pursuant to Code of Civil Procedure section 382.

2       140.   Plaintiff, a former employee against whom Defendants committed one or more of the

3   alleged Labor Code violations during the applicable limitations period, is an aggrieved employee

4   within the meaning of Labor Code § 2699(c).

5       141.   Plaintiff has complied with the procedures for bringing suit specified in Labor Code

6   § 2699.3. Notice was provided to the California Labor & Workforce Development Agency

7   ("LWDA") and 65 days have elapsed without the LWDA providing Plaintiff with any notice of an

8   intent to investigate.

9       142.   Pursuant to Labor Code sections 2699(a) and (f), Plaintiff seeks the following civil

10   penalties for Defendants' violations of Labor Code §§ 201, 202, 203, 204, 223, 226(a), 226.7, 510,

11   512, 1174, 1194, 1197, 1198 and 2802:

12       i.      For violations of Labor Code §§ 201, 202, 203, 212, 226.7, 1194, 1198 and

13                 2802, one hundred dollars ($100) for each employee per pay period for each

14                 initial violation and two hundred dollars ($200) for each employee per pay

15                 period for each subsequent violation (penalties set by Labor Code §

16                 2699(f)(2));

17       ii.     For violations of Labor Code § 203, a penalty in an amount not exceeding

18                 thirty (30) days' pay as waiting time (penalties set by Labor Code § 256);

19       iii.    For violations of Labor Code § 204, one hundred dollars ($100) for each

20                 employee for each initial violation that was neither willful nor intentional,

21                 two hundred dollars ($200) for each employee, plus 25% of the amount

22                 unlawfully withheld from each employee, for each initial violation that was

23                 either willful or intentional, and two hundred dollars ($200) for each

24                 employee, plus twenty-five percent (25%) of the amount unlawfully withheld

25                 from each employee, for each subsequent violation, regardless of whether the

26                 subsequent violation was either willful or intentional (penalties set by Labor

27                 Code § 210);

28       iv.    For violations of Labor Code § 223, one hundred dollars ($100) for each

1  employee for each initial violation that was neither willful nor intentional,

2  two hundred dollars ($200) for each employee, plus twenty-five percent

3  (25%) of the amount unlawfully withheld from each employee, for each

4  initial violation that was either willful or intentional, and two hundred dollars

5  ($200) for each employee, plus twenty-five percent (25%) of the amount

6  unlawfully withheld from each employee, for each subsequent violation,

7  regardless of whether the subsequent violation was either willful or

8  intentional (penalties set by Labor Code § 225.5);

9  v.    For violations of Labor Code § 226(a), if this action is deemed to be an initial

10  citation, two hundred and fifty dollars ($250) for each employee for each

11  violation. Alternatively, if an initial citation or its equivalent occurred before

12  the filing of this action, one thousand dollars ($1,000) for each employee for

13  each violation (penalties set by Labor Code § 226.3);

14  vi.    For violation of Labor Code §§ 510 and 512, fifty dollars ($50) for each

15  employee for each initial pay period for which the employee was underpaid,

16  and one hundred dollars ($100) for each employee for each subsequent pay

17  period for which the employee was underpaid (penalties set by Labor Code §

18  558);

19  vii.    For violations of Labor Code § 1197, one hundred dollars ($100) for each

20  aggrieved employee for each initial violation of Labor Code § 1197 that was

21  intentional and two hundred and fifty dollars ($250) for each aggrieved

22  employee per pay period for each subsequent violation of Labor Code §

23  1197, regardless of whether the initial violation was intentional (penalties set

24  by Labor Code § 1197.1);

25  viii.   Pursuant to Labor Code § 2699(g), Plaintiff seeks an award of reasonable

26  attorneys' fees and costs in connection with Plaintiff's claims for civil

27  penalties.

28  ///

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself, all others similarly situated, and the general public, prays for relief and judgment against Defendants as follows:

    (1)    An order that the action be certified as a class action;

    (2)    An order that Plaintiff be appointed class representative;

    (3)    An order that counsel for Plaintiff be appointed class counsel;

    (4)    Unpaid wages;

    (5)    Actual damages;

    (6)    Liquidated damages;

    (7)    Restitution;

    (8)    Declaratory relief;

    (9)    Pre-judgment interest;

    (10)    Statutory penalties;

    (11)    Civil penalties;

    (12)    Costs of suit;

    (13)    Reasonable attorneys' fees; and

    (14)    Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of himself, all other similarly situated, and the general public, hereby demands a jury trial on all issues so triable.


Dated:  February 25, 2022           SETAREH LAW GROUP




SHAUN SETAREH
THOMAS SEGAL
TYSON GIBB
Attorneys for Plaintiff
ADAN ORTIZ

CLASS AND REPRESENTATIVE-ACTION COMPLAINT

To: +190970~5586          Page: 04 of 32          2022-03-04 20:00:02 GMT          From: Shaun Setareh

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, Esq. (SBN: 204514) / Thomas Segal, Esq. (SBN: 222791)<br>SETAREH LAW GROUP, 9665 Wilshire Blvd., Ste. 430, Beverly Hills, CA 90212<br><br>TELEPHONE NO.: (310) 888-7771          FAX NO. *(Optional):* (310) 888-0109<br>E-MAIL ADDRESS: shaun@setarehlaw.com; thomas@setarehlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff ADAN ORTIZ | **FILED**<br>SUPERIOR COURT<br>COUNTY OF SAN BERNARDINO<br>SAN BERNARDINO DISTRICT<br><br>MAR 01 2022<br><br>BY *Charlene Johnson*<br>CHARLENE JOHNSON, DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 247 West Third Street
MAILING ADDRESS: 247 West Third Street
CITY AND ZIP CODE: San Bernardino, CA 92415
BRANCH NAME: Central Justice Center

| CASE NAME:<br>ADAN ORTIZ v. RANDSTAD INHOUSE SERVICES, LLC, et al. | |
|---|---|

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CIV SB 2204491 |
|---|---|---|
| [x] Unlimited      [ ] Limited<br>(Amount            (Amount<br>demanded          demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1.  Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | **(Cal. Rules of Court, rules 3.400–3.403)** |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property** | [ ] Other collections (09) | [ ] Construction defect (10) |
| **Damage/Wrongful Death) Tort** | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | **Real Property** | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Enforcement of Judgment** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | **Miscellaneous Civil Complaint** |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Professional negligence (25) | **Judicial Review** | **Miscellaneous Civil Petition** |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| **Employment** | [ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [x] Other employment (15) | [ ] Other judicial review (39) | |

2.  This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
    factors requiring exceptional judicial management:
    a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
    b. [ ] Extensive motion practice raising difficult or novel     e. [ ] Coordination with related actions pending in one or more
           issues that will be time-consuming to resolve                   courts in other counties, states, or countries, or in a federal
    c. [ ] Substantial amount of documentary evidence                      court
                                                                    f. [ ] Substantial postjudgment judicial supervision
3.  Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4.  Number of causes of action *(specify):* Eight (8)
5.  This case [x] is  [ ] is not  a class action suit.
6.  If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: March 1, 2022
Thomas Segal, Esq.
(TYPE OR PRINT NAME)                                                   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
*   Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
    under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result
    in sanctions.
*   File this cover sheet in addition to any cover sheet required by local court rule.
*   If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
    other parties to the action or proceeding.
*   Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |
|---|---|---|

*By Fax*

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
　Asbestos Property Damage
　Asbestos Personal Injury/
　　Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
　Medical Malpractice–
　　Physicians & Surgeons
　Other Professional Health Care
　　Malpractice
Other PI/PD/WD (23)
　Premises Liability (e.g., slip and fall)
　Intentional Bodily Injury/PD/WD
　　(e.g., assault, vandalism)
　Intentional Infliction of
　　Emotional Distress
　Negligent Infliction of
　　Emotional Distress
　Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
　Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
　Legal Malpractice
　Other Professional Malpractice
　　*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
　Breach of Rental/Lease
　　Contract *(not unlawful detainer or wrongful eviction)*
　Contract/Warranty Breach–Seller
　　Plaintiff *(not fraud or negligence)*
　Negligent Breach of Contract/
　　Warranty
　Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
　Collection Case–Seller Plaintiff
　Other Promissory Note/Collections
　　Case
Insurance Coverage *(not provisionally complex)* (18)
　Auto Subrogation
　Other Coverage
Other Contract (37)
　Contractual Fraud
　Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
　Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
　Writ of Possession of Real Property
　Mortgage Foreclosure
　Quiet Title
　Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
　Writ–Administrative Mandamus
　Writ–Mandamus on Limited Court
　　Case Matter
　Writ–Other Limited Court Case
　　Review
Other Judicial Review (39)
　Review of Health Officer Order
　Notice of Appeal–Labor
　　Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
　*(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
　Abstract of Judgment (Out of
　　County)
　Confession of Judgment *(non-domestic relations)*
　Sister State Judgment
　Administrative Agency Award
　　*(not unpaid taxes)*
　Petition/Certification of Entry of
　　Judgment on Unpaid Taxes
　Other Enforcement of Judgment
　　Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
　Declaratory Relief Only
　Injunctive Relief Only *(non-harassment)*
　Mechanics Lien
　Other Commercial Complaint
　　Case *(non-tort/non-complex)*
　Other Civil Complaint
　　*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
　Governance (21)
Other Petition *(not specified above)* (43)
　Civil Harassment
　Workplace Violence
　Elder/Dependent Adult
　　Abuse
　Election Contest
　Petition for Name Change
　Petition for Relief From Late
　　Claim
　Other Civil Petition

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO**

ADAN ORTIZ

Case No.: _____

vs.

**CERTIFICATE OF ASSIGNMENT**

RANDSTAD INHOUSE SERVICES, LLC, et :

A civil action or proceeding presented for filing must be accompanied by this Certificate. If the ground is the residence of a party, name and residence shall be stated.

The undersigned declares that the above-entitled matter is filed for proceedings in the Central Justice Center        District of the Superior Court under Rule131 and General Order of this court for the checked reason:

☒ General          ☐ Collection
**Nature of Action**      **Ground**

| | | |
|---|---|---|
| ☐ | 1. Adoption | Petitioner resides within the district |
| ☐ | 2. Conservator | Petitioner or conservatee resides within the district. |
| ☐ | 3. Contract | Performance in the district is expressly provided for. |
| ☐ | 4. Equity | The cause of action arose within the district. |
| ☐ | 5. Eminent Domain | The property is located within the district. |
| ☐ | 6. Family Law | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 7. Guardianship | Petitioner or ward resides within the district or has property within the district. |
| ☐ | 8. Harassment | Plaintiff, defendant, petitioner or respondent resides within the district. |
| ☐ | 9. Mandate | The defendant functions wholly within the district. |
| ☐ | 10. Name Change | The petitioner resides within the district. |
| ☐ | 11. Personal Injury | The injury occurred within the district. |
| ☐ | 12. Personal Property | The property is located within the district. |
| ☐ | 13. Probate | Decedent resided or resides within or had property within the district. |
| ☐ | 14. Prohibition | The defendant functions wholly within the district. |
| ☐ | 15. Review | The defendant functions wholly within the district. |
| ☐ | 16. Title to Real Property | The property is located within the district. |
| ☐ | 17. Transferred Action | The lower court is located within the district. |
| ☐ | 18. Unlawful Detainer | The property is located within the district. |
| ☐ | 19. Domestic Violence | The petitioner, defendant, plaintiff or respondent resides within the district. |
| ☒ | 20. Other Employment | The petitioner, defendant, plaintiff or respondent reside within the district. |
| ☐ | 21. THIS FILING WOULD | NORMALLY FALL WITHIN JURISDICTION OF SUPERIOR COURT |

The address of the accident, performance, party, detention, place of business, or other factor which qualifies this case for filing in the above-designed district is:

                                                            5473 N. Aster Street
NAME—INDICATE TITLE OR OTHER QUALIFYING FACTOR          ADDRESS

San Bernardino                    CA                    92407
CITY                              STATE                 ZIP CODE

I declare, under penalty of perjury, that the foregoing is true and correct and that this declaration was executed on 3/1/22            at        Beverly Hills, CA
California.

_____
Signature of Attorney/Party

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
SAN BERNARDINO DISTRICT

APR 1 1 2022

BY _____
ALFIE CERVANTES, DEPUTY

1  Superior Court of California
   County of San Bernardino
2  247 W. Third Street, Dept. S-26
   San Bernardino, CA  92415-0210
3
4
5
6
7
8              SUPERIOR COURT OF CALIFORNIA
9      COUNTY OF SAN BERNARDINO, SAN BERNARDINO DISTRICT
10
11  ADAN ORTIZ                      ) Case No.: CIVSB 2204491
12                                  )
13          vs.                     )
14                                  )
15  RANDSTAD INHOUSE SERVICES       ) **INITIAL CASE MANAGEMENT**
16                                  ) **CONFERENCE ORDER**
17                                  )
18                                  )
19                                  )
20                                  )
21
22      This case is assigned for all purposes to Judge David Cohn in the Complex
23  Litigation Program, Department S-26, located at the San Bernardino Justice Center, 247
24  West Third Street, San Bernardino, California, 92415-0210.  Telephone numbers for
25  Department S-26 are (909) 521-3519 (Judicial Assistant) and (909) 708-8866 (Court
26  Attendant).
27
28

                              **-1-**

Revised 4/11/22

## THE INITIAL CASE MANAGEMENT CONFERENCE

An initial Case Management Conference (CMC) is scheduled for ___JUL 0 6 2022___

at 9:00 a.m.  The initial CMC will be conducted remotely, via CourtCall.  Contact

CourtCall at (888) 882-6878 (www.CourtCall.com) to schedule your appearance.  Either

audio or video appearances are available.  CourtCall may be used for all CMCs,

motions, and other hearings.  In person attendance is not required at the initial case

management conference or at subsequent conferences except as specifically ordered

by the court.

Counsel for all parties are ordered to attend the initial CMC.  If there are

defendants who have not yet made a general or special appearance, those parties who

are presently before the court may jointly request a continuance of the initial CMC to

allow additional time for such non-appearing defendants to make their general or

special appearances.   Such a request should be made by submitting a Stipulation and

Proposed Order to the Court, filed directly in Department S-26, no later than five court

days before the scheduled hearing.

## STAY OF THE PROCEEDINGS

**Pending further order of this court, and except as otherwise provided in
this order, these proceedings are stayed in their entirety.  This stay precludes the
filing of any amended complaint, answer, demurrer, motion to strike, motion to
compel arbitration, or motion challenging the jurisdiction of the court.  Violation
of this order may result in the imposition of monetary sanctions.**

Each defendant, however, is directed to file a Notice of General Appearance (or

Notice of Special Appearance if counsel intends to challenge personal jurisdiction) for

purposes of identification of counsel and preparation of a service list.  The filing of a

Revised 4/11/22

-2-

Notice of General Appearance is without prejudice to any substantive or procedural

challenges to the complaint (including subject matter jurisdiction), without prejudice to

any denial or affirmative defense, and without prejudice to the filing of any cross-

complaint.  The filing of a Notice of Special Appearance is without prejudice to any

challenge to the court's exercise of personal jurisdiction.  This stay of the proceedings is

issued to assist the court and the parties in managing this case through the

development of an orderly schedule for briefing and hearings on any procedural or

substantive challenges to the complaint and other issues that may assist in the orderly

management of this case.  This stay shall not preclude the parties from informally

exchanging documents and other information that may assist them in their initial

evaluation of the issues.

## SERVICE OF THIS ORDER

**Plaintiffs' counsel is ordered to serve this Order on counsel for each
defendant, or, if counsel is not known, on each defendant within five days of the
date of this Order.  If the complaint has not been served as the date of this Order,
counsel for plaintiff is to serve the complaint along with this Order within ten
days of the date of this Order.  Failure to serve this order may result in the
imposition of monetary sanctions.**

## AGENDA FOR THE INITIAL CASE MANAGEMENT CONFERENCE

Counsel for all parties are ordered to meet and confer in person no *later* than

fourteen days before the initial CMC to discuss the subjects listed below.  Counsel

must be fully prepared to discuss these subjects with the court:

1.  Any issues of recusal or disqualification;

Revised 4/11/22

2. Any potentially dispositive or important threshold issues of law or fact that, if considered by the court, may simplify or further resolution of the case;

3. Appropriate mechanisms for Alternative Dispute Resolution;

4. A plan for the preservation of evidence and a uniform system for the identification of documents to be used throughout the course of this litigation, including discovery and trial;

5. A discovery plan for the disclosure and production of documents and other discovery, including whether the court should order automatic disclosures, patterned on Federal Rule of Civil Procedure 26(a) or otherwise;

6. Whether it is advisable to conduct discovery in phases so that information needed to conduct meaningful ADR is obtained early in the case;

7. Any issues involving the protection of evidence and confidentiality;

8. The use and selection of an electronic service provider;

9. The handling of any potential publicity issues;

10. Any other issues counsel deem appropriate to address with the court.

## **THE JOINT REPORT**

**COUNSEL ARE ORDERED TO MEET AND CONFER, IN PERSON OR BY TELEPHONE OR VIDEO CONFERENCE, AND TO PREPARE A JOINT REPORT FOR THE INITIAL CMC, TO BE <u>FILED DIRECTLY IN DEPARTMENT S-26 (NOT IN THE CLERK'S OFFICE)</u>, NO LATER THAN <u>FOUR</u> COURT DAYS BEFORE THE CONFERENCE DATE.  SEPARATE REPORTS FROM EACH PARTY ARE NOT ALLOWED.  JUDICIAL COUNCIL FORM CMC STATEMENTS ARE NOT ALLOWED. THE JOINT REPORT MUST INCLUDE THE FOLLOWING:**

1. Whether the case should or should not be treated as complex;

-4-

2. Whether additional parties are likely to be added and a proposed date by which all parties must be served;

3. A service list (the service list should identify all primary and secondary counsel, firm names, addresses, telephone numbers, email addresses, and fax numbers for all counsel.)

4. Whether the court should issue an order requiring electronic service. Counsel should advise the court regarding any preferred web-based electronic service provider;

5. Whether any issues of jurisdiction or venue exist that might affect this court's ability to proceed with this case.

6. Whether there are applicable arbitration agreements, and the parties' views on their enforceability;

7. A list of all related litigation pending in this or other courts (state and federal), a brief description of any such litigation, including the name of the judge assigned to the case, and a statement whether any additional related litigation is anticipated;

8. A description of the major factual and legal issues in the case. The parties should address any contracts, statutes, or regulations on which claims or defenses are based, or which will require interpretation in adjudicating the claims and defenses;

9. The parties' tentative views on an ADR mechanism and how such mechanism might be integrated into the course of the litigation;

Revised 4/11/22

10. A discovery plan, including the time need to conduct discovery and whether discovery should be conducted in phases or limited (and, if so, the order of phasing or types of limitations).  With respect to the discovery of electronically stored information (ESI ), the plan should include:

    a.  Identification of the Information Management Systems used by the parties;

    b.  The location and custodians of information that is likely to be subject to production (including the identification of network and email servers and hard-drives maintained by custodians);

    c.  The types of ESI that will be requested and produced, e.g. data files, emails, etc.;

    d.  The format in which ESI will be produced;

    e.  Appropriate search criteria for focused requests.

    f.  A statement whether the parties will allow their respective IT consultants or employees to participate directly in the meet and confer process.

11.  Whether the parties will stipulate that discovery stays or other stays entered by the court for case management purposes will be excluded in determining the statutory period for bringing the case to trial under Code of Civil Procedure Section 583.310 (the Five Year Rule).

12.  Recommended dates and times for the following:

    a.  The next CMC (absent special circumstances, the court typically schedules the next CMC approximately six months out);

    b.  A schedule for any contemplated ADR;

    c.  A filing deadline (and proposed briefing schedule) for any anticipated non-discovery motions.

-6-

Revised 4/11/22

d.   With respect to class actions, the parties' tentative views on an

appropriate deadline for a class certification motion to be filed.

To the extent the parties are unable to agree on any matter to be addressed in the Joint Report, the positions of each party or of various parties should be set forth separately.  The parties are encouraged to propose, either jointly or separately, any approaches to case management that they believe will promote the fair and efficient handling of this case.

Any stipulations to continue conferences or other hearings throughout this litigation must be filed with the court directly in Department S-26 (not in the Clerk's office), no later than five court days before the conference or hearing date.

### JOINT REPORTS FOR SUBSEQUENT CONFERENCES

Counsel must submit a joint report for each conference after the initial case management conference.  The report should address how the case has moved forward since the last conference, what needs to be accomplished in the future, and how the court can assist the parties move the case towards resolution.  As with the initial report, subsequent reports are to be filed directly in department s-26 (not in the clerk's office), no later than four court days before the conference date.

### INFORMAL DISCOVERY CONFERENCES

Motions concerning discovery cannot be filed without first requesting an informal discovery conference (IDC) with the court.  Making a request for an IDC automatically stays the deadline for filing any such motion.  IDCs are conducted remotely, via the BlueJeans Video Conferencing program.  Attendees will need to download the BlueJeans program (available from the app stores for IOS or Android) to a computer, laptop, tablet, or smartphone.  If the device being used does not have camera

1  capability, the BlueJeans application offers an audio-only option.  Video appearance at

2  the IDC, however, is encouraged.  The Court will provide a link to join the conference at

3  the appointed time.  Please provide Department S-26's Judicial Assistant ((909) 521-

4  3519) or Court Attendant ((909) 708-8866) with an e-mail address.  No briefing is

5
   required for the IDC, but counsel (either jointly or separately) should lodge (not file) a
6
7  one page statement of the issues in dispute in Department S-26 no later than the day

8  before the IDC.

9

10 Dated: _____4/11_____2022_____
                         ~~2021~~.

11

12                                          DAVID COHN
                                           _____
13                                          David Cohn,
                                            Judge of the Superior Court
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Revised 4/11/22**



**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF SAN BERNARDINO**
San Bernardino District
247 West 3rd St
San Bernardino CA 92415
www.sb-court.org
909-708-8678

| **complex** Adan Ortiz-v-randstad Inhouse Services, Llc Et Al | |
|---|---|
| IMPORTANT CORRESPONDENCE | Case Number |
| | CIVSB2204491 |

Setareh Law Group
9665 Wilshire Blvd Suite 430
Beverly Hills CA 90212

From the above entitled court, enclosed you will find:

INITIAL COMPLEX ORDER AND GUIDELINES.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CERTIFICATE OF SERVICE

I am a Deputy Clerk of the Superior Court for the County of San Bernardino at the above listed address. I am not a party to this action and on the date and place shown below, I served a copy of the above listed notice:

☐ Enclosed in a sealed envelope mailed to the interested party addressed above for collection and mailing this date, following standard Court practices.

☒ Enclosed in a sealed envelope, first class postage prepaid in the U.S. mail at the location shown above, mailed to the interested party and addressed as shown above or as shown on the attached listing.

☐ A copy of this notice was given to the filing party at the counter.

☐ A copy of this notice was placed in the bin located at this office and identified as the location for the above law firm's collection of file stamped documents.

Date of Mailing: 4/13/2022

I declare under penalty of perjury that the foregoing is true and correct. Executed on 4/13/2022 at San Bernardino.

By: Alfie Cervantes

# EXHIBIT B



**null / ALL**
**Transmittal Number: 25180468**
**Date Processed: 07/07/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Karen Lubrano<br>Randstad US - Spherion Corporation<br>PO Box 724198<br>Atlanta, GA 31139-1198 |
| **Electronic copy provided to:** | Rob Calabro<br>Jenna Debs |

| | |
|---|---|
| **Entity:** | Randstad Inhouse Services, LLC<br>Entity ID Number  2193369 |
| **Entity Served:** | Randstad Inhouse Services, LLC |
| **Title of Action:** | Adan Ortiz vs. Randstad Inhouse Services LLC |
| **Matter Name/ID:** | Adan Ortiz vs. Randstad Inhouse Services LLC (12532752) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | San Bernardino County Superior Court, CA |
| **Case/Reference No:** | CIV SB 2204491 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 07/07/2022 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Setareh Law Group<br>310-888-7771 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

# EXHIBIT C

1  Tim L. Johnson, CA Bar No. 265794
   tim.johnson@ogletree.com
2  Jesse C. Ferrantella, CA Bar No. 279131
   jesse.ferrantella@ogletree.com
3  Cameron O. Flynn, CA Bar No. 301830
   cameron.flynn@ogletree.com
4  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
5  4660 La Jolla Village Drive, Suite 900
   San Diego, CA  92122
6  Telephone:    858-652-3100
   Facsimile:    858-652-3101
7
   Attorneys for Defendants XPO LOGISTICS,
8  INC.; XPO LOGISTICS, LLC and XPO
   LOGISTICS SUPPLY CHAIN, INC. (now
9  known as GXO LOGISTICS SUPPLY CHAIN,
   INC.)
10
                **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
11
                **FOR THE COUNTY OF SAN BERNARDINO**
12
                        **COMPLEX DIVISION**
13

| | |
|---|---|
| 14  ADAN ORTIZ, on behalf of himself and all others similarly situated, and the general public, | Case No. CIVSB2204491 |
| 15                   Plaintiff, | **ANSWER TO CLASS ACTION COMPLAINT** |
| 16          vs. | [Assigned for all purposes to The Honorable David Cohn, Dept. S-26] |
| 17  RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; | |
| 18  RANDSTAD NORTH AMERICA, INC., a Delaware corporation; XPO LOGISTICS, INC., | Action Filed:      March 1, 2022 |
| 19  a Delaware corporation; XPO LOGISTICS, LLC, a Delaware limited liability company; XPO | Trial Date:        Not Set |
| 20  LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; and DOES 1 through 50, | |
| 21  inclusive, | |
| 22                   Defendant. | |

23

24        Defendants  XPO  LOGISTICS,  INC.;  XPO  LOGISTICS,  LLC  and  XPO  LOGISTICS

25  SUPPLY CHAIN, INC. (now known as GXO LOGISTICS SUPPLY CHAIN, INC.) (collectively,

26  "Defendants")  hereby  answer  the  Complaint  ("Complaint")  filed  by  Plaintiff  ADAN  ORTIZ

27  ("Plaintiff").

28  ///

**GENERAL DENIAL**

Pursuant to California Code of Civil Procedure section 431.30(d), Defendants deny generally and specifically each and every allegation contained in Plaintiff's Complaint, and deny further that Plaintiff has been injured in the amount or manner alleged or in any other manner whatsoever as the result of any act, omission to act and/or delay in acting of Defendants. Defendants further deny, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

**ARBITRATION**

***Defendants are informed and believe that Plaintiff submitted to binding arbitration pursuant to a valid arbitration agreement. Defendants demand that this matter, in whole or in part, be submitted to binding arbitration. Defendants do not, by filing this pleading, waive any right to compel binding arbitration.***

**AFFIRMATIVE AND OTHER DEFENSES**

Without waiving or excusing the burden of proof on Plaintiff, or admitting that Defendants have any burden of proof, Defendants assert each of the following separate, distinct, and affirmative defenses listed below.

**FIRST AFFIRMATIVE DEFENSE**

1.      The Complaint, and each of its allegations, fails to state facts sufficient to constitute a cause of action against Defendants upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.      The Complaint and each and every purported cause of action alleged therein is barred in whole or part by all applicable statutes of limitations, including but not limited to California Code of Civil Procedure §§ 337, 338, 339, 340, 343; California Labor Code §§ 203(b), 2699 *et seq.*, and California Business and Professions Code § 17208.

**THIRD AFFIRMATIVE DEFENSE**

3.      The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of laches by reason of Plaintiff's actions and course of conduct.

ANSWER TO CLASS ACTION COMPLAINT

52527639.v1-OGLETREE

**FOURTH AFFIRMATIVE DEFENSE**

4.    The Complaint, and each of its causes of action, is barred in whole or in part by the doctrine of unclean hands, by reason of Plaintiff's actions and course of conduct.

**FIFTH AFFIRMATIVE DEFENSE**

5.    Plaintiff has waived or released the right, if any, to pursue the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

**SIXTH AFFIRMATIVE DEFENSE**

6.    Plaintiff is estopped from pursuing the Complaint, and each of its causes of action, by reason of Plaintiff's own actions and course of conduct.

**SEVENTH AFFIRMATIVE DEFENSE**

7.    The claims in the Complaint are barred by the doctrine of *res judicata* and collateral estoppel, including, in whole or in part, based on prior settlements, including that in *Corado v. XPO Logistics Supply Chain, Inc. et al.*, No. 5:19-cv-00670 TJH (CD Cal.) and *Vanessa Cortes and Marlena McGowan v. XPO Logistics Freight, Inc. et al.*

**EIGHTH AFFIRMATIVE DEFENSE**

8.    Plaintiff's claims are barred, in whole or in part, because the applicable Wage Order does not support a private right of action, and Plaintiff's exclusive remedies are an action before the California Labor Commissioner.

**NINTH AFFIRMATIVE DEFENSE**

9.    Plaintiff's claims are barred, in whole or in part, to the extent any given defendant did not employ (directly, jointly, or otherwise) Plaintiff, the putative class, or any representative group member.

**TENTH AFFIRMATIVE DEFENSE**

10.    The Complaint, and each of its causes of action, including Plaintiff's requests for civil penalties or liquidated damages, is barred in whole or in part because Defendants had an honest, good-faith belief that all decisions with respect to Plaintiff and the putative class or representative group were made for legitimate, business-related reasons and were reasonably based upon the facts as Defendants understood them at the time, including but not limited to Defendants' belief that

Defendants did not owe Plaintiff any additional amounts, whether by way of wages or otherwise, and any failure to comply with the compensation provisions of the California Labor Code or the applicable Wage Order, which Defendants deny, was not knowing or intentional, but rather was done in good faith and with reasonable grounds.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff, members of the putative class, or the representative group, were exempt in whole or in part from the claims alleged in accordance with applicable law.

### TWELFTH AFFIRMATIVE DEFENSE

12.    The Complaint, and each of its causes of action, is barred in whole or in part because any loss, injury, damage, or detriment alleged in the Complaint resulted from the acts or omissions of Plaintiff, and was not due to any action or omission of Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    The Complaint, and each of its causes of action, is barred in whole or in part because Plaintiff breached or did not satisfy the statutory obligations as provided in the California Labor Code, including but not limited to California Labor Code sections 2854, 2856-2859, 2922, and 2924.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    The claims by Plaintiff premised on a failure to pay wages, including minimum and overtime wages, and any alleged violations thereto, are barred to the extent that the wages Plaintiff seeks to recover are *de minimis.*

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    The claims by Plaintiff premised on a failure to pay wages, including minimum and overtime wages, and any alleged violations thereto, are barred to the extent Plaintiff seeks to recover wages for work that was not performed for the primary benefit of Defendants, was not performed while under the direction and control of Defendants, and/or are barred to the extent Plaintiff performed work without Defendants' actual or constructive knowledge..

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    The claims by Plaintiff premised on a failure to provide meal or rest periods are barred because Defendants provided, authorized, and permitted meal and rest periods in accordance with the law; employees were not required to work during any meal or rest period; and any failure by Plaintiff to take a meal or rest period was due to Plaintiff's own election and not any acts or omissions by Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The claims by Plaintiff premised on a failure to provide meal periods are barred to the extent Defendants implemented valid written meal period waivers.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    To the extent Plaintiff seeks penalties for alleged meal or rest period violations for the same working day, or for more than one meal or rest period violation in a single working day, such claims are barred because such wages and/or penalties are duplicative and improper.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff's claims premised on a failure to provide accurate written wage statements and otherwise maintain written records fails as Defendants' records reflect the information required as of the time of the record pursuant to Labor Code §§ 226, 246, and/or 1174, and any such recovery on this basis would thus constitute an impermissible double recovery.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's claims premised on a failure to provide accurate written wage statements are barred because Defendants did not knowingly or intentionally fail to provide accurate wage statements and any failure to provide such wage statements was inadvertent or due to clerical error.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.    Plaintiff's claims premised on a failure to provide accurate written wage statements are barred because Plaintiff suffered no actual injury from the alleged failure to provide accurate written wage statements.

ANSWER TO CLASS ACTION COMPLAINT

1

### TWENTY-SECOND AFFIRMATIVE DEFENSE

2    22.    The claims by Plaintiff premised on a failure to pay timely all wages due and due at

3    termination are barred because there was no willful failure to pay such final wages.

4

### TWENTY-THIRD AFFIRMATIVE DEFENSE

5    23.    The claims by Plaintiff premised on a failure to pay timely all wages due and due at

6    termination are barred because at the time of termination Defendants had a good-faith belief, based

7    in fact and law, that all wages earned, including those earned by Plaintiff, were being paid timely

8    and that no other wages were due or owing.

9

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

10    24.    The claims by Plaintiff premised on a failure to pay timely all wages due and due at

11    termination are barred to the extent Plaintiff secreted or absented Plaintiff's self to avoid payment,

12    or refused payment when fully tendered.

13

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

14    25.    Plaintiff's claim for wages due and due at termination is barred, in whole or in part,

15    because Plaintiff cannot recover any damages for any alleged unpaid bonuses, incentives, and/or

16    commissions to the extent such payments were not earned, due and owing, and because the amount

17    of any such "wages" have not been definitely determined.

18

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

19    26.    Plaintiff's claims premised on a failure to reimburse expenses are barred to the extent

20    that Plaintiff seeks to recover expenses that were not incurred for the primary benefit of Defendants.

21

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

22    27.    Plaintiff's claims premised on a failure to reimburse expenses are barred to the extent

23    that Plaintiff seeks to recover expenses that were not reasonable and necessary business expenses

24    and were not required by Defendant.

25

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

26    28.    Plaintiff's claims premised on a failure to reimburse expenses are barred because

27    Defendants did not know or have reason to know that Plaintiff incurred business expenses.

28

ANSWER TO CLASS ACTION COMPLAINT

1

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

2      29.    Defendants' business actions or practices were not unfair, unlawful, misleading,

3  fraudulent or deceptive within the meaning of Business and Professions Code §§ 17200, *et seq.*

4

**THIRTIETH AFFIRMATIVE DEFENSE**

5      30.    Plaintiff's claims for unfair business practices are barred because Defendants at all

6  applicable times exercised reasonable business judgment.

7

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

8      31.    Any finding of liability under California Business and Professions Code section

9  17200, *et seq.*, would violate the Due Process and Equal Protection Clauses of the United States and

10 California Constitutions because the standards of liability under California's Unfair Competition

11 Law are unduly vague and subjective.

12

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

13     32.    Plaintiff's claims for unfair business practices or injunctive and/or declaratory relief

14 are barred because Plaintiff has adequate remedies at law for the alleged violations, and the

15 requirements for equitable relief have not been met.

16

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

17     33.    Plaintiff's claims for unfair business practices are barred because Plaintiff has

18 suffered no injury-in-fact because of any alleged violation of California's Unfair Competition law.

19

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

20     34.    Plaintiff's claims for unfair business practices are barred because Plaintiff lacks

21 standing to pursue injunctive relief under California's Unfair Competition law.

22

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

23     35.    The claims alleged by Plaintiff on behalf of Plaintiff's self and members of the

24 putative class are neither common to nor typical of those, if any, of the group of individuals Plaintiff

25 seeks to represent.

26

27

28

ANSWER TO CLASS ACTION COMPLAINT

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

36.    The claims alleged by Plaintiff on behalf of Plaintiff's self and members of the putative class are matters in which individual questions predominate and lack commonality, and accordingly, are not appropriate for class treatment.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

37.    Plaintiff and/or Plaintiff's counsel are inadequate representatives of the putative class they seek to represent.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

38.    Plaintiff has not shown and cannot show that class or representative treatment of the claims alleged in the Complaint is superior to other methods of adjudicating the controversy, and a class action would not be manageable.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

39.    Because liability or damages, if any, to each member of the class or representative group Plaintiff seeks to represent may not be determined by a single jury or on a group-wide basis, allowing this action to proceed as a class or representative action would violate Defendants' rights under the Seventh and Fourteenth Amendments to the United States Constitution.

**FORTIETH AFFIRMATIVE DEFENSE**

40.    The Complaint is barred, in whole or in part, because Plaintiff's class and subclass(es), as defined, are not readily ascertainable.

**FORTY-FIRST AFFIRMATIVE DEFENSE**

41.    The Complaint is barred, in whole or in part, to the extent Plaintiff has received and accepted payment of any of the amounts Plaintiff now claims.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

42.    Plaintiff's claims for PAGA penalties fail to the extent the Labor Code sections under which Plaintiff seeks recovery do not give rise to civil penalties under PAGA.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

43.    Plaintiff's claims for PAGA penalties fail because Plaintiff and the allegedly similarly aggrieved individuals are not aggrieved or similarly situated to each other.

ANSWER TO CLASS ACTION COMPLAINT

1

### FORTY-FOURTH AFFIRMATIVE DEFENSE

2      44.     Plaintiff's claims for PAGA penalties fail because Plaintiff failed to satisfy and cannot

3 satisfy the requirements of Labor Code Section 2699.3 before bringing a claim for penalties under

4 PAGA.

5

### FORTY-FIFTH AFFIRMATIVE DEFENSE

6      45.     Plaintiff's claims for PAGA penalties fail because Plaintiff did not timely exhaust the

7 administrative remedies as required or otherwise failed to comply with all the statutory prerequisites

8 to bringing suit under PAGA.

9

### FORTY-SIXTH AFFIRMATIVE DEFENSE

10      46.     Plaintiff's claims for PAGA penalties fail because the recovery of penalties under

11 PAGA is unconstitutional under the separation of powers doctrine under the Constitution of the

12 State of California, including but not limited to the separation of powers of the executive branch of

13 government and the separation of powers of the judicial branch of government.

14

### FORTY-SEVENTH AFFIRMATIVE DEFENSE

15      47.     Any award of penalties that otherwise could be made under PAGA must not be made,

16 or must be made in a lesser amount, under Labor Code Section 2699(e)(2).

17

### FORTY-EIGHTH AFFIRMATIVE DEFENSE

18      48.     Plaintiff's claims for PAGA penalties fail because Plaintiff's PAGA claims are not

19 manageable, or would otherwise fail to satisfy the standards applicable to representative PAGA

20 claims. (*Wesson v. Staples the Office Superstore, LLC* (2021) 68 Cal.App.5th 746.)

21

### FORTY-NINTH AFFIRMATIVE DEFENSE

22      49.     To the extent Plaintiff seeks the recovery of wages under PAGA, Plaintiff's claims

23 for PAGA penalties fail because the recovery of such wages are not civil penalties. (*ZB, NA v.*

24 *Superior Court* (2019) 8 Cal.5th 175.)

25

### FIFTIETH AFFIRMATIVE DEFENSE

26      50.     Imposition of any civil penalty award against Defendants would be unjust, arbitrary

27 and capricious, and confiscatory.

28

9

1

### FIFTY-FIRST AFFIRMATIVE DEFENSE

2      51.    Recovery of civil penalties fails if the accumulation of penalties would be so

3  disproportionate to the harm alleged to violate due process under the Constitutions of the United

4  States and the State of California.

5

### FIFTY-SECOND AFFIRMATIVE DEFENSE

6      52.    Plaintiff cannot pursue class or group-wide relief to the extent Plaintiff is not a

7  member of the proposed representative group and/or lacks cognizable claims for injuries Plaintiff

8  alleges were sustained by the proposed representative group, or otherwise lacks standing to seek

9  relief on behalf of absent group members.

10

### FIFTY-THIRD AFFIRMATIVE DEFENSE

11      53.    The Complaint fails, in whole or in part, to the extent Plaintiff and/or members of the

12  proposed representative group have executed agreements or releases releasing or waiving the claims

13  set forth in the Complaint, and/or are members of class settlements releasing or waiving the claims

14  set forth in the Complaint, including those in *Corado v. XPO Logistics Supply Chain, Inc. et al.*,

15  No. 5:19-cv-00670 TJH (CD Cal.) and *Vanessa Cortes and Marlena McGowan v. XPO Logistics*

16  *Freight, Inc. et al.*

17

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

18      54.    The claims are barred, in whole or in part, to the extent members of the putative class

19  and representative group agreed to binding arbitration of their claims, and are not permitted to assert

20  or participate in class or representative claims.

21

### FIFTY-FIFTH AFFIRMATIVE DEFENSE

22      55.    The Court should stay this action, in whole or in part, under the doctrine of concurrent

23  exclusive jurisdiction and/or other applicable doctrines supporting a stay of proceedings.

24

### FIFTY-SIXTH AFFIRMATIVE DEFENSE

25      56.    To the extent that Plaintiff owes money to Defendants, Defendants are entitled to

26  offset, set off, or recoup such amounts against any damages awarded.

27

28

ANSWER TO CLASS ACTION COMPLAINT

1

**FIFTY-SEVENTH AFFIRMATIVE DEFENSE**

2    57.    In the event that any class or representative group should be certified or otherwise

3    allowed to proceed in this matter, Defendants incorporate by reference, and re-allege as to the causes

4    of action of each member of that representative group, all of the defenses as set forth above.

5    **RESERVATION OF RIGHTS**

6    Defendants presently have insufficient knowledge or information upon which to form a belief

7    as to whether there may be additional, and as yet unstated, affirmative defenses. Defendants reserve

8    the right to assert additional affirmative defenses by way of future amendment.

9    **WHEREFORE**, Defendants pray for judgment as follows:

10    1.    That Plaintiff takes nothing by way of the Complaint;

11    2.    That the Court deny Plaintiff's request to proceed on a class or representative basis;

12    3.    That the Court enter judgment for Defendants and against Plaintiff on all the alleged

13    claims;

14    4.    That the Court award Defendants their costs of suit; and

15    5.    That the Court grant Defendants such other and further relief that the Court deems

16    just and proper.

17

18    DATED:  August 8, 2022

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

19

20

21    By: _____
Tim L. Johnson

22    Jesse C. Ferrantella
Cameron O. Flynn

23

24    Attorneys for Defendants XPO LOGISTICS, INC.; XPO LOGISTICS, LLC and XPO LOGISTICS SUPPLY CHAIN, INC. (now known as GXO LOGISTICS SUPPLY CHAIN, INC.)

25

26

27

28

1 | Tim L. Johnson, CA Bar No. 265794
tim.johnson@ogletree.com
2 | Jesse C. Ferrantella, CA Bar No. 279131
jesse.ferrantella@ogletree.com
3 | Cameron O. Flynn, CA Bar No. 301830
cameron.flynn@ogletree.com
4 | OGLETREE, DEAKINS, NASH, SMOAK &
STEWART, P.C.
5 | 4660 La Jolla Village Drive, Suite 900
San Diego, CA  92122
6 | Telephone:    858-652-3100
Facsimile:    858-652-3101
7 |
8 | Attorneys for Defendants XPO LOGISTICS,
INC.; XPO LOGISTICS, LLC and XPO
LOGISTICS SUPPLY CHAIN, INC. (now
9 | known as GXO LOGISTICS SUPPLY CHAIN,
INC.)
10 |

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11 |

**FOR THE COUNTY OF SAN BERNARDINO**

12 |

**COMPLEX DIVISION**

13 |

| | |
|---|---|
| ADAN ORTIZ, on behalf of himself and all others similarly situated, and the general public, | Case No. CIVSB2204491 |
| Plaintiff, | **PROOF OF SERVICE** |
| vs. | [Assigned for all purposes to The Honorable David Cohn, Dept. S-26] |
| RANDSTAD INHOUSE SERVICES, LLC, a Delaware limited liability company; RANDSTAD NORTH AMERICA, INC., a Delaware corporation; XPO LOGISTICS, INC., a Delaware corporation; XPO LOGISTICS, LLC, a Delaware limited liability company; XPO LOGISTICS SUPPLY CHAIN, INC., a North Carolina Corporation; and DOES 1 through 50, inclusive, | Action Filed:      March 1, 2022<br>Trial Date:        Not Set |
| Defendant. | |

1

2

**PROOF OF SERVICE**
*Adan Ortiz, et al. v. Randstad InHouse Services, LLC, et al.*
Case No. CIVSB2204491

3

4

5

    I am and was at all times herein mentioned over the age of 18 years and not a party to the action in which this service is made.  At all times herein mentioned I have been employed in the County of San Diego, in the office of a member of the bar of this court at whose direction the service was made.  My business address is 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

6

    On August 8, 2022, I served the following document(s):

7

**ANSWER TO CLASS ACTION COMPLAINT**

8

9

by placing ☐ (the original) ☒ (a true copy thereof) in a sealed envelope addressed as stated on the attached mailing list.

10

11

12

☒   **BY MAIL:**  I placed the envelope for collection and mailing, following our ordinary business practices.  I am readily familiar with the practice of Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13

14

☐   **BY MAIL:**  I deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid at 4660 La Jolla Village Drive, Suite 900, San Diego, CA 92122.

15

16

17

18

☐   **BY OVERNIGHT DELIVERY:**  I placed the sealed envelope(s) or package(s) designated by the express service carrier for collection and overnight delivery by following the ordinary business practices of Ogletree, Deakins, Nash, Smoak & Stewart P.C., San Diego, California.  I am readily familiar with Ogletree, Deakins, Nash, Smoak & Stewart P.C.'s practice for collecting and processing of correspondence for overnight delivery, said practice being that, in the ordinary course of business, correspondence for overnight delivery is deposited with delivery fees paid or provided for at the carrier's express service offices for next-day delivery.

19

☐   **BY FACSIMILE** by transmitting a facsimile transmission a copy of said document(s) to the following addressee(s) at the following number(s), in accordance with:

20

        ☐   the written confirmation of counsel in this action:

21

22

        ☐   [State Court motion, opposition or reply only] Code of Civil Procedure section 1005(b):

23

        ☐   [Federal Court] the written confirmation of counsel in this action and order of the court:

24

25

26

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person[s] at the e-mail addresses listed on the attached service list. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

27

28

☐   **BY PERSONAL SERVICE:** I caused to be delivered the documents to the persons at the addresses listed below. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the documents, in an envelope or package clearly labeled to identify the attorney being served, with a receptionist or an individual in

2

52329491.v1-OGLETREE

1    charge of the office, between the hours of nine in the morning and five in the evening. (2)
2    For a party, delivery was made to the party or by leaving the documents at the party's
     residence with some person not younger than 18 years of age between the hours of eight in
3    the morning and six in the evening.

     Addressee(s)
4

5    Shaun Setareh                              Michael J. Burns
     Thomas Segal                               Daniel Chul Whang
6    Tyson Gibb                                 SEYFARTH SHAW LLP
     SETAREH LAW GROUP
     9665 Wilshire Blvd., Ste. 430              2029 Century Park E, Suite 3500
7    Beverly Hills, CA 90212-2446               Los Angeles, CA 90067
     Phone: 310-888-7771                        Phone: 415-397-2823
8    Fax:   310-888-0109                        Fax: 415-397-8549
     Email: shaun@setarehlaw.com                Email: mburns@seyfarth.com
9           thomas@setarehlaw.com                      dwhang@seyfarth.com
            tyson@setarehlaw.com
10

11   Attorneys for Plaintiff, ADAN ORTIZ        Attorneys for Defendants, RANDSTAD
                                                INHOUSE SERVICES, LLC AND
12                                              RANDSTAD NORTH AMERICA, INC.

13   ☒    (State)     I declare under penalty of perjury under the laws of the State of California that the
                      above is true and correct.
14
     ☐    (Federal)   I declare that I am employed in the office of a member of the State Bar of this
15                    Court at whose direction the service was made.  I declare under penalty of perjury
                      under the laws of the United States of America that the above is true and correct.
16
          Executed on August 8, 2022, at San Diego, California.
17

18   Michelle Doan
     michelle.doan@ogletree.com
19   _____          _____
     Type or Print Name                        Signature
20

21

22

23

24

25

26

27

28

                                           3

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA          )
                             )  SS
COUNTY OF LOS ANGELES        )

     I am a resident of the State of California, over the age of eighteen years, and not a party to the within action.  My business address is 2029 Century Park East, Suite 3500, Los Angeles, California  90067-3021.  On August 8, 2022, I served the within document(s):

     DEFENDANTS' NOTICE OF REMOVAL OF CIVIL ACTION TO THE UNITED STATES DISTRICT COURT

☐  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒  by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by FedEx with postage paid on account and deposited for collection with FedEx at Los Angeles, California, addressed as set forth below.

☐  by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐  electronically by using the Court's ECF/CM System.

| | |
|---|---|
| Shaun Setareh | Attorneys for Plaintiff |
| Thomas Segal | ADAN ORTIZ |
| Tyson Gibb | |
| SETAREH LAW GROUP | |
| 9665 Wilshire Blvd., Suite 430 | Email: shaun@setarehlaw.com; |
| Beverly Hills, CA 90212 | thomas@setarehlaw.com; |
| | tyson@setarehlaw.com |

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on August 8, 2022, at Los Angeles, California.

*/s/ Paulin Kim*
Paulin Kim

CERTIFICATE OF SERVICE